[No. 16023. Department One. February 7, 1921.]

ALVION ERICSON, *Appellant*, v. ELLA ERICSON, *Respondent*.[1]

DIVORCE (100, 104)—CUSTODY AND SUPPORT OF CHILDREN—GROUNDS FOR AWARD OF CUSTODY—MODIFICATION. It is error to dismiss an application to modify a decree of divorce with reference to the custody of minor children, without evidence, for the reason that a similar application made a few months before had been denied on the merits, and because of indefiniteness in the allegations, where it was alleged that conditions had changed and the welfare of the children was at stake.

Appeal from a judgment of the superior court for King county, Jurey, J., entered January 17, 1920, dis-

[1]Reported in 194 Pac. 234.

missing an application to modify a decree of divorce awarding the custody of children. Reversed.

*Tucker & Hyland (Ford Q. Elvidge,* of counsel), for appellant.

*Dwight N. Stevens,* for respondent.

FULLERTON, J.—On November 19, 1918, the appellant, Alvion Ericson, was granted a decree of divorce from the respondent, Ella Ericson, in an action instituted by him for that purpose in the superior court of King county. There were two children, the issue of the marriage, Dorothy, nine years of age, and Alvion, three years of age. In the decree, both of these children were awarded to the "temporary custody" of the mother, and the appellant was required to contribute to their support in the sum of forty-five dollars per month. On December 29, 1919, the appellant petitioned the court in which the divorce decree was rendered for a modification of the provision of the decree with reference to the custody of the children by awarding their care and custody to him. As grounds for making a change in the custody of the children, the petition set forth the following:

"That said children are not being properly trained or taken care of; Dorothy has become a nervous, hysterical child and has reached the age where it is necessary that in order to bring her up properly and have her physically and mentally strong that she be removed from her present surroundings; that the boy Alvion is of a nervous temperament and is not at all trained and is improperly taken care of; that neither of said children are allowed to play outside, nor are they permitted to go away from their mother at any time whatsoever and that the present condition of the mind of the defendant is such that she is of a very hysterical, nervous temperament, is subject to fits of screaming and frightening said children so much so

that she is not a fit person to have their custody and that her mental condition is growing worse from time to time, and if said children are permitted to remain with the defendant they will soon develop the same mental strain; that for the last two months the defendant's actions have been such that she has lost control of herself and cannot properly take care of said children."

Due notice of the filing of the petition was given the respondent and the matter came on for hearing before the court on January 16, 1920. At that time the respondent appeared in the proceeding by counsel who stated orally to the court that the application was but a renewal of an application made some three months before by the petitioner which was duly heard and determined in favor of the respondent, and who orally moved its dismissal. After some colloquy between the court and counsel, the motion was granted, the order of dismissal reciting "that all of the issues were fully tried and disposed of within a period about two months and a half preceding this hearing." The order also contained this further provision, namely:

"Ordered, Adjudged and Decreed that the amount of alimony herein and delinquent the first day of February, 1920, is the sum of $105; and further that the sum of $165 is past due for taxes and the sum of $150 on installment payments due upon the house occupied as a residence by said defendant and her children; and that the plaintiff be, and he is hereby, required to pay into court at this time the amount of arrears in alimony in the sum of $100; and that he further beginning with the 19th day of January, 1920, pay the sum of $45 each and every month in accordance with the terms of the decree, and until the further order of the court in the premises; and that the proceedings herein for an order to show cause be and the same is hereby continued to the 20th day of February, 1920."

It is from this order that the present appeal is prosecuted.

There is a statement of facts in the record over the certificate of the trial judge to the effect that it contains all of the material facts occurring at the hearing, but it is singularly barren of any evidence justifying the finding on which the order of dismissal is based. It contains an admission of counsel for appellant that a hearing regarding the custody of the children was had at about the time named, but it is denied that the hearing involved the questions presented by the petition then before the court. The record is also barren of any evidence which will justify the findings of an order made by the court with reference to the arrears in taxes, installments due upon the house, or arrears in alimony. It is said in the briefs that an application had been filed prior to the hearing for an order upon the appellant directing him to show cause why he should not pay such arrearages, but the record contains nothing showing that a hearing was had upon the application, except such as might be inferred from the order made in the present proceeding.

Seemingly, it should require no argument to show that the court was in error in dismissing the application. The charge in the petition is, in substance, mental incapacity on the part of the respondent rendering her incapable of giving the children proper care; and clearly, if this condition exists, the welfare of the children requires some change in their environment. It can be gathered from the remarks of the judge, reported in the statement of facts, that he thought the petition not sufficiently definite, that it stated conclusions where it should have stated facts. But the remedy for this form of defect is not a dismissal of the proceedings. The petition is but a pleading, and like other pleading it is capable of amendment, and the court should have directed the appellant to state the facts more particularly before entering a final order

of dismissal. But more than this, it ought not to require any very definite allegations in a petition in matters of this character to start the court upon an inquiry. The controversy is not wholly over the question whether the one parent or the other shall have the care and custody of the children. The children themselves are in a sense parties to the proceeding and their welfare should be a paramount consideration of the court.

Our conclusion is that the proceeding was dismissed without sufficient cause, and that the order of the court should be reversed, and the cause remanded with instructions to reinstate the proceedings and proceed with a hearing thereon.

It will be so ordered.

PARKER, C. J., HOLCOMB, MACKINTOSH, and BRIDGES, JJ., concur.