[No. 17873.   Department Two.   June 15, 1923.]

PEARL E. LANCTOT, *Respondent,* v. WILFRED J. LANCTOT,
*Appellant.*[1]

DIVORCE (104)—SUPPORT OF CHILD—MODIFICATION OF DECREE—
JURISDICTION—STATUTES—CONSTRUCTION.   Rem. Comp. Stat., § 995-2,
requiring application to modify a decree as to the custody of a child
of divorced parents to be brought in the county where the child or
parent having custody resides, was not intended to affect the con-
tinuing jurisdiction over children, by the court granting the decree,
where such child and parent having custody are beyond the limits
of the state.

SAME (104)—MODIFICATION OF DECREE—NOTICE—JURISDICTION.
Under Rem. Comp. Stat., § 995-3, providing in case of applications to
modify a divorce decree awarding the custody of a child, for such
notice as the court shall determine, the court may acquire jurisdic-
tion of a non-resident by service upon an attorney authorized to
represent her.

[1]Reported in 216 Pac. 356.

Appeal from an order of the superior court for Pierce county, Clifford, J., entered December 9, 1922, denying an application to modify a decree of divorce respecting the support of a child, after a hearing before the court. Reversed.

*P. C. Kibbe,* for appellant.

PARKER, J.—The defendant, Wilfred J. Lanctot, seeks to be relieved from the burden of an order in favor of his former wife awarding to her a periodical allowance for the support of their minor child, which order is embodied in a decree of divorce dissolving their marriage relation, rendered by the superior court for Pierce county. To that end, the defendant filed his application in that court and case. The application was disposed of by that court by its order as follows:

"Ordered, That the application of the defendant be and the same is hereby denied, on the ground and for the reason that this court has no jurisdiction of the subject-matter of the defendant's motion, nor of the plaintiff, nor has it jurisdiction over the minor child involved."

From this disposition of the defendant's application, he has appealed to this court.

The marriage relation between the plaintiff and defendant was dissolved by the decree above mentioned on March 16, 1917, which decree provided in part as follows:

"Ordered, adjudged and decreed that the minor child of plaintiff and defendant be placed in the custody of plaintiff and that defendant herein be required to pay the sum of $15 per month for the support of said minor child until the further order of the court, and that defendant herein be allowed to visit said child at any reasonable and convenient hour of the day."

In December, 1922, counsel for the defendant served upon an attorney, who was then seemingly of counsel for the plaintiff, his application for relief from the burden of the above quoted order embodied in the decree, claiming such relief upon the grounds that he had no means and had wholly lost his earning power as the result of a personal injury suffered by him some three months previous thereto. Since sometime prior to the filing of this application by the defendant, the plaintiff had been and was then residing in the state of California, where she has their minor child in her custody. The defendant is still a resident of this state. The portion of the record before us seems to inferentially show that the attorney upon whom the defendant's application was served is of counsel for the plaintiff in the case, and that he and his co-counsel are, and for sometime have been, especially authorized by the plaintiff to seek enforcement of the above quoted order in the decree from which the defendant seeks to be relieved. We are not favored by any brief on the part of the plaintiff, but we assume that her counsel rested their contention for dismissal upon the three grounds which the trial court recited in his order here appealed from.

As to the question of the jurisdiction of the superior court for Pierce county over the subject-matter of the defendant's application, apparently the trial judge and counsel for the plaintiff proceeded upon the assumption that the jurisdiction of that court could not be invoked as asked for by the defendant because of the provisions of the following sections, Rem. Comp. Stat., enacted by the legislature in 1921, reading as follows:

"§ 995-2. Hereafter every action or proceeding to change or modify any final order, judgment or decree heretofore or hereafter made and entered in

any divorce action or proceeding in relation to the care, custody or control, or the support and maintenance, of the minor child or children of the marriage shall be brought in the county where said minor child or children affected are then residing, or in the county where the parent or other person who has the care, custody or control of the said minor child or children affected is then residing.

"§ 995-3. Upon the filing of a properly verified petition, to be entitled as in the original divorce action or proceedings, together with a certified copy of the order, judgment or decree sought to be changed or modified thereby, the superior court of the county in which said petition is filed shall have full and complete jurisdiction of the cause and shall thereupon order such notice of the hearing of said petition to be given as the court shall determine."

If the plaintiff still resided in and had the custody of their minor child in some county of this state other than Pierce county, it may be conceded for present purposes that the defendant would be required to seek relief in the superior court of the county of the residence of the plaintiff. But we cannot bring ourselves to believe that the legislature ever intended that the continuing jurisdiction over such an incidential controversy to the divorce decree as is here involved should be taken away from the superior court granting a divorce decree by this act of 1921, when the party asking relief still retains his residence in the state and the other party has left the state and taken their child from the state. If the statute means all that counsel for the plaintiff seems to have contended in the lower court, and the trial judge of that court seems to have decided, then this defendant, however meritorious his claimed right to a modification of the decree might be, would be wholly without remedy; for the conditions here involved are such that the plaintiff, against whom the

defendant is seeking relief, is not in any county of this state, nor does she have the child in any county of this state. There seems, under these conditions, to be no tribunal in which the defendant may seek relief, other than the court in which the order he seeks to have modified was rendered. It is the settled law of this state that the jurisdiction of the court rendering the decree of divorce is continuing as to the custody of children of the parties and as to awarding periodical allowance in favor of one party as against the other. *Koontz v. Koontz,* 25 Wash. 336, 65 Pac. 546; *Fickett v. Fickett,* 39 Wash. 38, 80 Pac. 1134; *Poland v. Poland,* 63 Wash. 597, 116 Pac. 2; *Dyer v. Dyer,* 65 Wash. 535, 118 Pac. 634; *Delle v. Delle,* 112 Wash. 512, 192 Pac. 966, 193 Pac. 569.

It is possible that the nature of the interrelated jurisdiction of the several superior courts of this state, under our constitution, is such that the legislature has the power to require a controversy of this nature to be brought and determined in the superior court of the county of the residence of the party moved against, or in the superior court of the county where the child resides; but even if that be so, it seems to us that this statute was, after all, intended to be simply a changing of the place of trial of questions of this nature, still recognizing that such questions are to be determined in the divorce action; that is, in the exercise of the continuing jurisdiction in that action. This is plainly evidenced by the provisions of § 995-3, Rem. Comp. Stat. [P. C. § 7511-3], above quoted. We think this is all that the statute means; and that it does not mean that, when the party against whom such relief is sought is entirely beyond the limits of the state, having the custody of the child also beyond the limits of the state, this incidental continuing jurisdiction of our courts in

divorce proceedings is thereby taken away so as to leave the other party without right to relief at the hands of the court in which the divorce decree was rendered. We are of the opinion that the superior court of Pierce county, under the conditions here shown, had jurisdiction of the subject-matter of the defendant's application.

Did the trial court acquire jurisdiction over the person of the plaintiff by the service upon her counsel, in so far as it was necessary to acquire such jurisdiction, for the purpose of enabling it to dispose of the defendant's application upon the merits? It seems to us highly probable that it did acquire such jurisdiction by virtue of service upon the plaintiff's attorney, though under § 995-3, Rem. Comp. Stat. [P. C. § 7511-3], above quoted, the court probably could, as a matter of discretion, require some other and different notice to be given to the plaintiff of the defendant's application. We note that the attorney upon whom the notice of the defendant's application was served was not the attorney of record for the plaintiff in the obtaining of the divorce decree, and it may be that he is not here sufficiently shown to be her attorney in the cause for that service. In any event, we cannot positively so determine upon the portion of the record of the cause before us; so we leave that question open for determination by the trial court. But that does not call for a dismissal of the defendant's application without giving him opportunity to give the plaintiff such notice "as the court shall determine," using the language of § 995-3, above quoted.

As to the question of jurisdiction over the minor child, we think we need not concern ourselves here. This is not a controversy between the child and the defendant, but only a controversy as to what periodical

amounts, if any, shall be paid by the defendant to the plaintiff. If the court should entirely absolve the defendant from payment of anything to the plaintiff for the support of the child, it would only mean that he would not be required to pay to the plaintiff support money for the child; not that he would under all circumstances, be absolved from liability to support the child.

We are of the opinion that the order appealed from must be reversed. It is so ordered, and the matter remanded to the superior court for further proceedings.

MAIN, C. J., FULLERTON, TOLMAN, and PEMBERTON, JJ., concur.