[No. 23062.   Department One.   June 3, 1931.]

CHARLES F. McCLELLAND, *Respondent*, v. MARGARET McCLELLAND, *Appellant*.[1]

*Gustave B. Aldrich*, for appellant.

*Wesley Lloyd* and *Leo A. McGavick*, for respondent.

PARKER, J.—Margaret McClelland seeks modification of the interlocutory divorce decree rendered by the superior court for Pierce county in this action dissolving the bonds of matrimony existing between her and Charles F. McClelland, in so far as she was thereby awarded certain property in lieu of money support for the maintenance of their minor child,

[1]Reported in 299 Pac. 984.

given by the decree into her custody and control. She filed her petition and, later, her amended petition accordingly in this action. Mr. McClelland responded to the latter by demurrer, which was by the court sustained, and, she by her counsel electing not to plead further, the court rendered a final order dismissing her amended petition, from which she has appealed to this court.

The controlling facts alleged in Mrs. McClelland's amended petition filed in this action November 25, 1930, and the portions of the record in the divorce action made part thereof by reference, may be summarized as follows:

On July 22, 1930, Mr. McClelland commenced this action in the superior court for Pierce county, seeking a divorce from Mrs. McClelland, principally upon the ground of abandonment. They were then, and had been for more than one year prior thereto, residents of Pierce county. They have but one child, it being, at the time of the commencement of the divorce action, sixteen months old. On September 29, 1930, Mrs. McClelland, having failed to appear in the action, though having been duly served with summons therein, was by the court adjudged to be in default, and the cause proceeded to a hearing upon the merits, Mr. McClelland appearing in person and by his counsel, and the prosecuting attorney for Pierce county appearing for the state, as the law requires.

The result was an interlocutory decree of divorce awarded by the court in favor of Mr. McClelland. The sixteen months old child was awarded to Mrs. McClelland "until the further order of the court." All of the property of the parties was by the decree disposed of as follows: To Mrs. McClelland there was awarded their house and lot in Tacoma of the then approximate value of two thousand dollars, held by them under a

contract of purchase, they to receive conveyance thereof upon full payment of the purchase price, a large portion of which remained unpaid, which house and lot was then rented, yielding an income of twenty dollars per month, Mr. McClelland to assume and pay the balance due on the contract price; "this being in lieu of any support money for the maintenance of the said minor child." Mrs. McClelland was also awarded certain of their furniture and household goods of comparatively small value. Mr. McClelland was awarded their equity in twelve acres of stump land in Thurston county and their 1925 Dodge roadster automobile.

In addition to the above noticed facts, alleged by reference to the record in the divorce action, the petition alleged further, in substance: That the conditions at present are different from the conditions as found by the court at the time of rendering the decree; that the plaintiff is a healthy, able-bodied man, earning about thirty-five dollars per week or more; that she is without means, is unemployed, and is not able to earn sufficient to support herself and child; that the property awarded to her is vacant, producing no income; that the youth of the child makes it imperative that she care for it constantly day and night; that she has been compelled to allow the last rent received from the property to be paid on the contract; and that the balance unpaid on the contract is $459, payable at the rate of twenty dollars per month. The prayer of her petition is for an order modifying and altering the decree by striking therefrom the sentence, "This being in lieu of any support money for the maintenance of said minor child," and by directing plaintiff to pay to her the sum of fifteen dollars per month for the support of the child, and attorney's fees for the prosecution of her petition.

The demurrer to Mrs. McClelland's petition

for modification of the decree in the particular prayed for, and the trial court's sustaining of the demurrer, are apparently rested upon the theory that the petition does not allege such material change of conditions following the rendering of the decree as to entitle Mrs. McClelland to any different relief touching the support of the child than is provided for in the decree. It seems to us that the allegations of the petition above noticed, though somewhat involved with other allegations which need not be considered here, do allege such changed conditions as to call for the court's entertaining the petition upon the merits and permitting Mrs. McClelland to offer such proof as she has in support of those allegations; and, if proven, she will be entitled to some substantial relief of a different nature than that awarded her by the decree, so far as the support of the child is concerned.

This being a matter of inquiry as to the duty of support owing by Mr. McClelland to his infant child, we are not inclined to view the allegations of Mrs. McClelland's petition as to her changed situation following the rendering of the decree, other than very liberally. In *Ericson v. Ericson,* 114 Wash. 485, 194 Pac. 234, where there was drawn in question the custody and support of minor children after the rendering of the decree of divorce, we said:

"It ought not to require any very definite allegations in a petition in matters of this character to start the court upon an inquiry. . . . The children themselves are in a sense parties to the proceeding and their welfare should be a paramount consideration of the court."

It is further contended in behalf of Mr. McClelland that the petition is insufficient because not accompanied in its filing with a certified copy of the decree sought to be modified; there being invoked in

that behalf provisions of our divorce statutes which, in so far as need be here noticed, referring to sections of Remington's Compiled Statutes, read as follows:

"§ 995-2. Hereafter every action or proceeding to change or modify any final order, judgment or decree heretofore or hereafter made and entered in any divorce action or proceeding in relation to the care, custody or control, or the support and maintenance, of the minor child or children of the marriage shall be brought in the county where said minor child or children affected are then residing, or in the county where the parent or other person who has the care, custody or control of the said minor child or children affected is then residing.

"§ 995-3. Upon the filing of a properly verified petition, to be entitled as in the original divorce action or proceedings, together with a certified copy of the order, judgment or decree sought to be changed or modified thereby, the superior court of the county in which said petition is filed shall have full and complete jurisdiction of the cause and shall thereupon order such notice of the hearing of said petition to be given as the court shall determine."

The latter section does seem, if read alone, to unqualifiedly require that a certified copy of the decree sought to be modified be filed with the petition. However, the reason for this requirement manifestly is that the prior section authorizes the filing of such a petition, and the hearing thereon, in a superior court of a county other than the court of the county which rendered the decree, when the residence of the parties or the custody of the child or children is then in such other county. In such cases, there is a reason for filing with the petition for modification a certified copy of the decree sought to be modified, since there is no record of the divorce action in such other county.

But, manifestly, this can have no application when the petition is filed in the very court and action

wherein the decree is rendered. It is inconceivable that the legislature would contemplate the necessity of filing a certified copy of the decree in the very court and action in which the decree was rendered and already of original record therein. That is this case. So, we conclude that the necessity of filing with the petition a certified copy of the decree sought to be modified has no application to a petition filed as this one was in the original court and action wherein the decree was rendered.

We conclude that the order dismissing Mrs. McClelland's petition must be reversed. It is so ordered, and the cause is remanded to the trial court for further proceedings consistent with the views herein expressed.

TOLMAN, C. J., MAIN, MITCHELL, and HOLCOMB, JJ., concur.