[No. 24694. Department Two. October 23, 1933.]

THE STATE OF WASHINGTON, *on the Relation of George A. Shallenberger, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent.*[1]

*Shumate & Clarke,* for relator.

*Patterson & Ross,* for respondent.

[1] Reported in 25 P. (2d) 1041.

TOLMAN, J.—By this proceeding, relator seeks a writ of prohibition.

By stipulation of the parties, technical defenses have been waived. It appears both from the petition and from the return made to the alternative writ that the order complained of had already been made by the superior court; and therefore, following our usual practice of entertaining a petition as an application for the proper relief, this petition will now be considered as an application for a writ of review, and, since we have a full return by the superior court and no objections are interposed, the action of the superior court will be reviewed.

The record discloses that, in an action for divorce pending in Yakima county, the superior court of that county having jurisdiction of the parties and the subject matter, on April 28, 1920, there was entered a decree granting a divorce to Elizabeth F. Shallenberger from George A. Shallenberger, confirming a property settlement between the parties, and directing the defendant George A. Shallenberger to pay seventy-five dollars per month for the support of a minor son; and in addition thereto, certain war risk insurance payable by the Federal government in monthly installments to George A. Shallenberger was awarded to the plaintiff in the action, and the defendant was directed by the decree to endorse and deliver to the plaintiff each and every of the drafts or checks as thereafter received by him from the Federal government on account of such insurance as soon as received by him. The decree, by its terms, provided that jurisdiction be retained.

In 1922, upon the application of the defendant, the superior court for Yakima county modified its decree by reducing the allowance for the support of the minor

child from seventy-five dollars to forty dollars per month, and again by its order retained jurisdiction.

In December, 1927, the relator, as defendant in the original action, filed a petition in the superior court for King county under the provisions of Rem. Rev. Stat., § 995-2 *et seq.*, showing that all of the parties, including the minor child, had become residents of King county, and praying for a further modification of the decree. The statute was complied with so as to give the superior court for King county full and complete jurisdiction as provided for in Rem. Rev. Stat., § 995-3. A hearing was had, and in May, 1928, an order modifying the decree of the Yakima county court was duly entered by the King county court which, among other things, provided:

"It is Hereby Ordered, Adjudged and Decreed, That that certain order modifying the decree entered in that certain cause entitled Elizabeth F. Shallenberger, plaintiff, v. George A. Shallenberger, defendant, cause No. 14211 in the Superior Court of the State of Washington, in and for Yakima County, entered by the court on the 10th day of October, 1922, be, and the same hereby is, modified in respect to the maintenance of the minor child of the parties hereto, George Junior Shallenberger, as follows:

"Beginning with the 3rd day of May, 1928, the defendant, George A. Shallenberger, shall pay to Elizabeth F. Shallenberger Dorsett, for the maintenance and care of the said minor child, George Junior Shallenberger, the sum of Forty Dollars ($40) per month, payable: on the 3rd day of each and every month sum of $25; on the first day of November of each year the sum of One Hundred Eighty Dollars ($180), except that on the first day of November, 1928, there shall be payable the sum of Ninety Dollars ($90). This allowance shall continue until modified by good cause shown by either party hereto, and the court retains jurisdiction in this cause for that purpose."

Thereafter, in March, 1933, Elizabeth F. Shallenberger, plaintiff in the original action, filed in the same cause and under the same number in the superior court for King county her application for an order directed to the defendant to show cause why he should not be punished for contempt of court in the superior court for King county for failure to pay the forty dollars per month and for withholding the proceeds of the war risk insurance. An order to show cause duly issued, fixing a day and hour, and directing that the defendant:

" . . . then and there to show cause, if any he have, why he should not be punished for contempt of court for his failure to make the payments of forty ($40) dollars per month for the support of the minor son of the parties hereto, to-wit: George Junior Shallenberger, as provided by the order of this court, and further to show cause, if any he have, why he should not be punished for contempt of court for his action in withholding from the plaintiff the proceeds of that certain insurance policy of the Government of the United States, which were awarded to the plaintiff in the decree of divorce between the parties hereto."

Relator sets forth that, in response to this order, he appeared in person and by his attorneys at the time and place fixed and challenged the jurisdiction of the superior court of King county to hear said cause and that he maintained that position throughout. This allegation is admitted by the return, and it further appears from the return that, before return day, the relator countered by serving and filing still another petition for modification of the decree, in which he asked that the decree be modified by a vacation of the order requiring him to endorse and deliver checks received on account of the war risk insurance policy dating back to his first default in that respect, and also, that the award of forty dollars per month for the sup-

port of the minor be discontinued and cancelled as of January 1, 1932.

Various hearings and continuances were had, evidence was received, and on July 7, 1933, the superior court for King county entered its order wherein it found that relator had received and retained a considerable sum of money on the policy of war risk insurance referred to, and had failed to pay the plaintiff, after the first day of January, 1932, any part of the forty dollars per month directed to be paid by the order of the King county court, and that there was then due from the defendant to the plaintiff on account of the war risk insurance the sum of five hundred seventy-five dollars, and on account of the forty dollars allowance the sum of seven hundred sixty dollars, or a total arrearage of one thousand three hundred thirty-five dollars. The court found that the defendant could have made some payment to the plaintiff during the period referred to, and that his failure to make any payment at all had been willful.

The order thereupon adjudged the defendant to be guilty of contempt of court, and directed that he be confined in the King county jail until he purged himself by the payment to the plaintiff of the sum of five hundred seventy-five dollars received on account of war risk insurance, or by the giving of security satisfactory to the court therefor; and further providing that, upon payment of that amount being made or security being given, the court would entertain a motion to absolve the defendant from contempt with reference to his failure to pay the forty dollars per month support money provided for in the order of modification made by the King county court. It is this order that we are called upon to review.

██ It is, of course, well settled that a court of record to enforce its own order, or as a penalty for

willful violation of such an order, may commit for contempt. The real question here presented seems to be: Was the commitment in this case for the violation of, or to compel obedience to, an order of the superior court for King county, or was the order sought to be enforced an order of the superior court of Yakima county? If it was an order of the Yakima county court, had the King county court jurisdiction of the subject matter such as to empower it to so enforce the order of the Yakima county court?

The statute, as we read it, does not in any of its provisions take away from the court which entered the decree any of its continuing jurisdiction or in any manner lessen its power to enforce its own judgment. Rem. Rev. Stat., § 995-2, provides that all proceedings to modify such a judgment shall be brought in the county where the minor child or children reside. Rem. Rev. Stat., § 995-3, provides that, when the statutory steps have been taken, the court in which the petition to modify has been filed, shall have full and complete jurisdiction of the cause. What cause? Manifestly, the cause set up in the petition to modify, and no other, because such a petition presents only the question of the modification as prayed for, and in the absence of statutory language ousting the jurisdiction of the original court, it cannot be inferred or presumed that other courts are given jurisdiction over matters not presented to them. This view is strengthened by Rem. Rev. Stat., § 995-5, which reads:

"Upon a full hearing and determination of said petition the court shall make and enter such order, judgment or decree in said cause as the evidence and the law requires; a certified copy of such order, judgment or decree to be filed and entered in the county wherein said original divorce action or proceeding was had within thirty days thereof."

The only purpose of filing such a copy of the modifying order is to amend or modify the original decree, which remains the decree of the court which entered it, so that thereafter it may only be enforced as modified.

The order of the King county court based on the first petition to it to modify was, of course, its judgment, and by compliance with the statute and the filing of a certified copy, it became a part of the original decree. But it was still an order made by the King county court, which it could enforce, and it was the only part of the decree which, at the time of the issuance of the show cause order, was its judgment, or which it could enforce.

In March, 1933, when the plaintiff in the original action obtained the show cause order, the King county court had obtained jurisdiction only over that part of the subject matter which had been brought to it and upon which it had previously acted, namely: that part of the decree dealing with the payment of forty dollars per month for the support of the minor. Having ordered that sum to be paid in the amounts and at the times as set forth in its modifying order, it could rightfully inquire whether its order had been obeyed and punish for disobedience of that order.

At that time, there had never been presented to the King county court any question relating to war risk insurance. That subject had been dealt with only by the Yakima county court. No one had asked any court to modify that portion of the original decree dealing with war risk insurance, and the whole subject stood as it did when the decree was entered in 1920. The Yakima county court still had sole and exclusive jurisdiction over that subject, and no other court had been asked to consider it, and no other had acquired jurisdiction of it. It would seem, therefore, that the

King county court exceeded its jurisdiction when it ordered the relator to show cause to it why he had not obeyed the order of the Yakima county court.

Our previous decisions in which these statutory provisions are referred to are cited, and we have examined them with some care, but none of them throw any light upon the present question. *Lanctot v. Lanctot,* 125 Wash. 310, 216 Pac. 356, holds that this statute has no application in cases where the minor has been taken out of the county where the decree was rendered and out of the state, holding that this act is not intended to affect the continuing jurisdiction over children by the court granting the decree, where such child and its parents having custody are beyond the limits of the state.

*Thornton v. Thornton,* 136 Wash. 129, 238 Pac. 977, holds merely that, where one party has filed a petition to modify the decree, the other may file a cross-petition. *State ex rel. Meins v. Superior Court,* 159 Wash. 277, 292 Pac. 1011, has to do with the manner of filing such a petition in a county other than the one in which the decree was entered. In that case, the original decree created a lien upon real property in a county other than the one in which the decree was entered. Action was brought in the county of the situs of the real estate to enforce the lien, and in that action was filed the petition to modify the decree, it being in the nature of a cross-complaint. This court in the *Meins* case held such filing sufficient. *McClelland v. McClelland,* 163 Wash. 59, 299 Pac. 984, holds merely that, where the modification takes place in the court where the original decree was entered, no certified copy, as required by Rem. Rev. Stat., § 995-3, need be filed. *Treosti v. Treosti,* 168 Wash. 672, 13 P. (2d) 45, involves the question discussed in the case of *Lanctot v.*

*Lanctot, supra,* and follows that case without discussion.

The purpose of the statute seems obvious. The minor child and those having custody of him living at a distance might be put to great expense and their rights imperiled if they must travel to the place of the original trial whenever a modification is sought which affects their interests. Such a handicap, together with a lack of means, might result in such application not being defended, and in depriving minor children of the support to which they are entitled. To provide against such handicaps and possible hardships, the legislature has directed that the hearings be had where the minor or those having custody of him reside. But the legislature has not attempted in any manner to take jurisdiction from the court which entered the decree. To take from a court jurisdiction over a judgment which it lawfully entered, would require a plain, specific, legislative mandate. There being no such mandate here, or even anything of the kind to be inferred, we are clear that jurisdiction passed to the King county court only of those matters which were taken to it by the petition for modification.

The show cause order itself points out rather clearly the situation which we have been attempting to demonstrate. It classifies the forty dollars per month support money "as provided by this court," and it clearly places the war risk insurance in another class by referring to the proceeds "which were awarded to the plaintiff in the decree of divorce."

The trial court in its order, which is here under review, did adjudge the relator to be guilty of contempt by reason of his failure to comply with the terms of the modification order of the King county court as to support money, and, also, "and particularly with reference to the proceeds of the policy of war risk in-

surance mentioned in said decree.'' The court then proceeded to order that respondent be confined in the King county jail until he purged himself of contempt by the payment to the plaintiff of five hundred seventy-five dollars, the amount which he had withheld from the proceeds of the war risk insurance, and the order further provided that, when such payment had been made or satisfactory security given therefor, the court would entertain a motion to absolve the defendant from contempt with reference to his failure to pay the support money.

But, notwithstanding all this, it is urged that, by his last petition for modification, filed after the show cause order was issued and in part, perhaps, as a defense to it, the relator invoked the jurisdiction of the King county court with respect to the war risk insurance, and invited that court to inquire into and rule upon that subject.

In that petition and in the affidavit supporting it, relator set out that he had complied with the original decree with respect to the war risk insurance payments up to October 1, 1932; that at that time, having lost his employment and all other sources of income, he had nothing for his sustenance and support save these monthly payments; and that, rather than to accept charity, he had retained the sums received and necessarily used them in providing for his own sustenance.

By the filing of his petition for modification with respect to the war risk insurance after the show cause order issued, the relator complied with the requirements of Rem. Rev. Stat., § 995-3, and thereby gave to the King county court "full and complete jurisdiction" over the subject matter presented in his petition, which included the war risk insurance and all of the proceeds thereof not remitted to the plaintiff.

On this point, we think there can be no doubt. The relator voluntarily brought this whole matter within the jurisdiction of the King county court. He asked that court, by way of modification of the decree, to wipe out his default from the beginning, and he cannot now complain that the court was without jurisdiction to find against him and to adjudge that his default was not justified.

Since relator's default was found to be without excuse or justification, and since, by refusing to modify the decree in that respect, the King county court, in a very practical sense, made the original order its own, and since, under the statute, by relator's own act the King county court had acquired full and complete jurisdiction of the subject matter, it therefore had the power to enforce obedience, and its order of commitment must be, and it is, affirmed.

BEALS, C. J., HOLCOMB, BLAKE, and GERAGHTY, JJ., concur.