[No. 34485. Department Two. January 30, 1958.]

SHIRLEE L. WHITE, *Plaintiff and Relator*, v. FRED B. WHITE, *Defendant*, THE SUPERIOR COURT FOR SPOKANE COUNTY, *Ralph P. Edgerton, Judge, Respondent.*[1]

*James Leavy, Thomas Malott*, and *Sidney Schulein*, for plaintiff and relator.

*Harry E. Hennessey* (of *Hennessey & Curran*), for defendant.

HUNTER, J.—In this case, the court is asked to review by certiorari an order of the superior court of Spokane county, denying a motion for change of venue of a proceeding brought to modify the custody provisions of a divorce decree. The facts, as they appear in the affidavits of the parties and in the transcript, are as follows:

[1]Reported in 321 P. (2d) 262.

In 1947, Shirlee L. White commenced an action for divorce against Fred B. White in the superior court of Spokane county. The parties had two children, who, at that time, were two years and fifteen months of age respectively. An interlocutory decree of divorce by default was obtained against the father, awarding custody of the two minor children to the mother and reserving rights of visitation to the father. A final decree was entered on February 4, 1949. Sixteen months later, on the 18th day of June, 1950, the mother delivered the children to the father, at which time she gave him the following instrument in her handwriting:

"To Whom it May Concern: I hereby give up the custody of two of my children, Christina Lou and Geoffrey Brian White, to my former husband, Fred B. White. /s/ Shirlee Fox"

About one year thereafter, the father remarried and, subsequently, purchased a home. No children were born of this marriage. The father, having physical custody of the children by his first marriage, raised them in his home in Spokane for seven continuous years. During this time, the children visited with their natural mother on three occasions. The mother married a second time and had one child, but this marriage was terminated. She is presently married to a Dr. Kincaid, and, until recently, resided with him at his home in Rancho Cordova, California. In June, 1957, the children were permitted to visit their mother where she was living in California, but, at all times since, she has refused to return the children to their father, which has precipitated the problem posed.

On the strength of the letter obtained from the mother on June 18, 1950, the father secured an *ex parte* order from the superior court in Spokane county modifying the original divorce decree by placing custody of the children in him. Thereafter, the mother was successful in having the order vacated.

On September 16, 1957, the father filed a petition in the superior court of Spokane county to modify the custody provisions of the divorce decree by placing the children in his

custody. On September 27, 1957, the mother moved for a change of venue from Spokane to Franklin county. In her supporting affidavit, she states that, at the time of the commencement of the action for modification of the decree, she was a resident of Franklin county, in that she and her husband had purchased a home in Pasco on contract on the 12th day of August, having made a down payment of six thousand dollars; that, on or about the 25th day of August, 1957, she and her two children moved into the home in Pasco, and the children were enrolled in school where they were regularly in attendance, and that they had established their residence in Franklin county. The father challenges this contention of residence; however, for the purpose of this review, we can assume, without deciding, that the mother is correct on this issue.

The court denied the motion for a change of venue, and the matter now comes before this court for a review on a writ of certiorari, for the reason that the relator mother herein has no plain, speedy, or adequate remedy at law. The order to which error is assigned is as follows:

"On this 7th day of October, 1957, this cause came regularly on for hearing by the Court on plaintiff's motion for change of venue, and after hearing said motion and the argument of counsel, and the Court being fully advised in the premises, it is by the Court ORDERED that the said motion be and the same is hereby denied.

"Done in open Court this 7th day of October, 1957. RALPH P. EDGERTON Judge"

The relator contends she is entitled to a change of venue to Franklin county, where she and the children reside, as a matter of right, under the following statutes, which provide:

RCW 26.08.160: "Hereafter every action or proceeding to change, modify or enforce any final order, judgment or decree heretofore or hereafter entered in any divorce or annulment action in relation to the care, custody, control, support, or maintenance of the minor children of the marriage *may be brought* in the county where said minor children are then residing, or in the county where the parent or other person who has the care, custody or control of the said

children is then residing. [1949 c 215 § 16; Rem. Supp. 1949 § 997-16.]" (Italics ours.)

RCW 26.08.170: "Upon the filing of a properly verified petition to be entitled as in the original divorce or annulment action, together with a certified copy of the order, judgment, or decree sought to be modified thereby, the superior court of the county in which said petition is filed shall have full and complete jurisdiction of the cause and shall thereupon order such notice of the hearing of said petition to be given as the court shall determine. [1949 c 215 § 17; Rem. Supp. 1949 § 997-17.]"

The first of the above statutes was amended, as it now appears, by the 1949 session of the state legislature. The statute in effect prior to that time was Rem. Rev. Stat., § 995-2, appearing in Laws of 1921, chapter 109, § 4, p. 334, which read as follows:

Section 995-2: "Hereafter every action or proceeding to change or modify any final order, judgment or decree heretofore or hereafter made and entered in any divorce action or proceeding in relation to the care, custody or control, or the support and maintenance, of the minor child or children of the marriage *shall be brought* in the county where said minor child or children affected are then residing, or in the county where the parent or other person who has the care, custody or control of the said minor child or children affected is then residing." (Italics ours.)

Counsel for both relator and defendant cite three cases wherein RCW 26.08.160 and RCW 26.08.170 were construed by this court as they appeared prior to the amendment by the 1949 legislature, *Lanctot v. Lanctot*, 125 Wash. 310, 216 Pac. 356; *State ex rel. Shallenberger v. Superior Court*, 174 Wash. 627, 25 P. (2d) 1041; *State ex rel. Jiminez v. Superior Court*, 24 Wn. (2d) 194, 163 P. (2d) 610.

These cases are helpful only for the purpose of comparing the enactments prior to 1949 and as they now appear. In the cited cases, the facts were not comparable to the present situation; however, in construing the statutes as they there applied, the court made some observations which are of assistance.

In the *Lanctot* case, *supra,* the defendant husband sought to modify a former order allowing support for the minor child, by filing his petition in Pierce county superior court, where the divorce was obtained. The wife was in California and invoked Rem. Rev. Stat., § 995-2. We held that the Pierce county court had jurisdiction under those circumstances, but stated:

"If the plaintiff still resided in and had the custody of their minor child in some county of this state other than Pierce county, it may be conceded for present purposes that the defendant would be required to seek relief in the superior court of the county of the residence of the plaintiff."

In the *Shallenberger* case, *supra,* an order was entered in the King county superior court modifying support money payments provided by an order entered in the Yakima county superior court, where the divorce was obtained. The mother and children then resided in King county. The defendant later failed to comply with the order, as modified, and the plaintiff wife sought to have the defendant husband held for contempt of court in King county for violation of the original decree of matters that were not before that court in the petition for modification. We held that jurisdiction of the King county court would be limited to matters raised in the petition for modification and stated:

"The purpose of the statute seems obvious. The minor child and those having custody of him living at a distance might be put to great expense and their rights imperiled if they must travel to the place of the original trial whenever a modification is sought which affects their interests. Such a handicap, together with a lack of means, might result in such application not being defended, and in depriving minor children of the support to which they are entitled. *To provide against such handicaps and possible hardships, the legislature has directed that the hearings be had where the minor or those having custody of him reside.* But the legislature has not attempted in any manner to take jurisdiction from the court which entered the decree. To take from a court jurisdiction over a judgment which it lawfully entered, would require a plain, specific, legislative mandate." (Italics ours.)

In the *Jiminez* case, *supra*, a divorce had been granted to the plaintiff wife awarding her the custody of the children, and reserving the right of reasonable visitation to the defendant husband, and directing that the minor children be not removed from the jurisdiction of the court, without further order of that court. The children, without the consent of the court, were removed to King county. The defendant husband obtained an order in Spokane county, citing the plaintiff wife to show cause why she should not be held in contempt of court. The plaintiff wife challenged the jurisdiction of the Spokane county court by invoking Rem. Rev. Stat., § 995-2. We held that Spokane county had jurisdiction and stated:

"The legislature, in order to provide against possible hardships on the part of the parent to whom the custody of minor children has been awarded, by Rem. Rev. Stat., §§ 995-2 to 995-5, *supra*, provided that under certain conditions the hearing on a petition to modify or change the final decree be had in a county other than the one in which the final decree was entered."

It appears that the legislature could well have concluded, and had in mind at the time of the amendment of Rem. Rev. Stat., § 995-2, in 1949, that the language of the statute had the effect of denying the court having original jurisdiction the ability to hear a petition for a modification of its own order relating to child custody or support money, where the children or parent having custody resided in some other county. The legislature could have further concluded that this was an undue limitation upon the ability of the trial court to modify its own orders, and that the limitation should be relaxed to the extent that the court of original jurisdiction may be able to consider the modification of its decree, under these circumstances, as well as the superior court of the county in which the children or parent having custody reside. In any event, it appears that this is exactly what the legislature has done, the pivotal and controlling phrase having been changed from "shall be brought" to "may be brought." The language of the present statute is

plain and unambiguous, and cannot be construed to express other than its ordinary meaning. The statute, where formerly mandatory, is now permissive.

The relator makes the contention that the language of Rule of Pleading, Practice, and Procedure 1, 34A Wn. (2d) 68, employs the word "may" which we have construed as mandatory. Hence, the relator contends that the same construction should be placed upon the language of the statute in question. The above rule provides in part as follows:

"An action *may be brought* in any county in which the defendant resides, or, if there be more than one defendant, where some one of the defendants resides at the time of the commencement of the action." (Italics ours.)

■ Any construction placed on this rule is not helpful here, as it relates to the commencement of an original action, whereas the statute before us relates to the commencement of an action to modify a decree in a cause that had been previously instituted, over which that court had acquired continuing jurisdiction. In any event, this court cannot invade the legislative province, by construing a statute to mean that which it does not say, and thus render ineffective, by judicial construction, a legislative amendment.

■ The proceeding with which we are now concerned may, therefore, be commenced in the court having original jurisdiction, or in the county in which the children or parent having custody resides, upon filing a petition in that county. Here, no petition for change of custody was on file in Franklin county; hence, that county was without jurisdiction.

■ A petition for the desired modification by the defendant is on file in the superior court having jurisdiction of the original divorce decree, which court now has jurisdiction to modify its own decree, even though the relator, having custody of the minor children, resides in Franklin county.

■ The relator was not entitled to a change of venue, as a matter of right, under RCW 26.08.160 and RCW 26.08.170. The motion was properly denied on that basis.

The order of the trial court denying the change of venue is affirmed.

HILL, C. J., DONWORTH, ROSELLINI, and FOSTER, JJ., concur.

March 31, 1958. Petition for rehearing denied.