372

**WEIKERT, Plaintiff-Appellee, v. WEIKERT, Defendant-Appellant.**

Ohio Appeals, Second District, Champaign County.

No. 140.    Decided April 13, 1956.

Donald M. Gibbs, Urbana, for plaintiff-appellee.

J. Harvey Crow, St. Paris, for defendant-appellant.

(CONN, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By CONN, J.

On a previous appeal of this cause by defendant, the court determined that the failure of the trial court to make special findings of fact and law, requested by defendant, constituted prejudicial error, and the cause was remanded with directions to the trial court to vacate its judgment awarding plaintiff-appellee a divorce and make separate findings of facts and conclusions of law, and thereupon re-enter said judgment as of the date such findings and conclusions are made.

The court also determined that the trial court properly exercised its discretion in overruling defendant-appellant's motion to make plaintiff's petition definite and certain by stating facts which constituted the

alleged gross neglect of duty. The parties will be referred to herein as designated in the trial court.

The present appeal has been taken by defendant on questions of law from the judgment of the trial court following its special findings of fact and law, whereby plaintiff was awarded a judgment of divorce from defendant, defendant denied alimony, and the property of the parties divided between them.

Plaintiff alleges in his petition that he and defendant were married December 19, 1932; that no children were born as the issue of said marriage; that the parties are owners of certain real estate in Champaign County, Ohio, and in St. Albans, New York, and that they also own a Chevrolet automobile and certain household goods and effects. Plaintiff further alleges that defendant has been guilty of gross neglect of duty toward plaintiff. Plaintiff prays that he be granted a divorce and that the court determine and set off to each party their respective rights and interests in said real and personal property.

Defendant, in her amended answer, admits the allegations in plaintiff's petition except the allegation that defendant has been guilty of gross neglect of duty, which allegation she denies.

For cross-petition, defendant avers, among other allegations as to residence and property of the parties, that since May 10, 1952, she and plaintiff have been living separate and apart by reason of the extreme cruelty of plaintiff in abandoning defendant. Defendant prays that the court set apart to her such interest in the real and personal property of the parties that would be just and equitable; that she be awarded temporary and permanent alimony, attorney fees, costs and such other relief as the court finds just, and that plaintiff's petition be dismissed.

The affirmative allegations in the amended cross-petition of defendant are denied by plaintiff.

The record in this case is replete with colloquies between counsel and the court, also objections, exceptions and judicial homilies. These matters contributed much to the length of the record.

The trial court limited the evidence offered by defendant within narrow limits and held that she could only introduce such evidence as directly countered plaintiff's charge against her of gross neglect of duty, and further limited defendant's affirmative evidence offered in support of her amended answer and cross-petition to the issue of abandonment.

The defendant assigns numerous errors of the trial court. In addition to the assignment that the judgment is manifestly against the weight of the evidence and contrary to law, defendant assigns as errors of the trial court, the following, which we abridge and restate:

1. The court erred in limiting the cross-examination of plaintiff, and limiting the evidence to the charge of gross neglect of duty made against defendant, and the issue of abandonment of defendant by the plaintiff.

2. The court erred in excluding certain conversations between the parties, on the ground they were privileged.

3. The court erred in excluding certain exhibits offered by defendant.

374

The defendant claims the court committed other errors, prejudicial to her, in certain respects, but which do not require separate discussion, in view of the following considerations and the conclusion the court has reached on the record.

1. At the conclusion of plaintiff's testimony in chief, plaintiff was cross-examined by counsel for defendant. After plaintiff rested his case, defendant called plaintiff for cross-examination in defendant's case, and over objection, the court would not permit further cross-examination of plaintiff, on the ground that defendant had already cross-examined him.

In the light of the issues raised on the general denial of defendant and on defendant's cross-petition, and in relation to these issues including defendant's claim that plaintiff abandoned her without legal excuse, and defendant's claim for alimony, it is quite clear that this action of the trial court prevented defendant from having a fair trial and amounted to an abuse of discretion.

Defendant further contends that the court also erred in strictly limiting the evidence to the issue of gross neglect and abandonment and in not permitting the cross-examination of plaintiff relative to his own misconduct and his general attitude toward defendant.

It is pertinent to note that these parties were married on December 19, 1932, and lived together until plaintiff voluntarily left the residence of the parties in April, 1952, a span of nearly 20 years, including the time plaintiff was in military service.

Under the general denial of defendant, plaintiff had the burden of proof to show that he was justified under the law in abandoning his home and separating from defendant. The issue before the court is simply stated. What was the cause of the separation of these parties after a marital relationship of nearly twenty years?

The trial court would not permit defendant to cross-examine plaintiff on matters relating to this material issue. particularly with reference to discussion between the parties over a period of time before separation, respecting divorce, plaintiff's personal habits and also as to the character of his association with women outside of the home. The court also excluded the evidence offered by defendant relative to charges of plaintiff's misconduct in default of his marital obligation. The ground for excluding this testimony, as stated by the court, was that it was immaterial what kind of a man plaintiff might be, as there were but two issues.

It is our opinion that the limitation imposed by the trial court relative to further cross-examination and in limiting the admission of evidence offered by defendant was an abuse of discretion and prejudicial to the defendant, as it prevented defendant from having a fair trial.

2. The court throughout the trial sustained objections interposed by plaintiff, excluding evidence of private conversations between the parties, had before final separation, on the ground of privilege, pursuant to §2317.02 R. C. However, §3105.11 R. C., expressly provides that notwithstanding their marital relation, the parties in actions and proceedings under §§3105.01 to 3105.21 R. C., inclusive (Domestic Relations Code),

shall be competent witnesses "to the same extent that any other witness might."

The questions asked of plaintiff on cross-examination and of defendant on her direct examination, to which objections were sustained, included questions relating to the intimate relations of the parties; conversations in regard to legal separation; plaintiff's desire for divorce; plaintiff's association and that he had told defendant he no longer loved her.

Furthermore, defendant was not permitted to testify as to such matters as defendant's health prior to the separation or testify concerning defendant's church and civic activities.

These limitations imposed by the trial court were not within its sound discretion and were prejudicially erroneous.

3. Defendant contends that the court also erred in excluding exhibits offered by defendant. Two of the exhibits related to plaintiff's income tax returns, one a photostatic copy of plaintiff's 1951 tax return and the other was a carbon copy of plaintiff's 1952 return. These exhibits were substantially identified and offered to impeach plaintiff's testimony as to amount of his yearly income. Plaintiff testified that his gross pay from International Harvester Company was $145.20 per week. However, said exhibits indicated that plaintiff had received approximately $164.00 per week.

Two other exhibits are photographs of plaintiff's writing on the bathroom mirror, which were identified by the party who took the pictures, and concerning which defendant was examined in chief. Plaintiff testified he lost his love for defendant some time between the time he returned from the army and the day he separated from defendant. The two exhibits related to the same subject matter, towit: the picture of said mirror and the words, "Vita, I still love you." These exhibits were identified and offered by way of impeachment, the writing was placed on the mirror a number of months after plaintiff had separated from defendant.

While the trial court might have properly admitted the several exhibits, the refusal to do so was within the court's discretion and the action taken does not appear to have been prejudicial, in view of the record.

Defendant contends that on the whole record, plaintiff has not met the burden of proof on the issue of the alleged gross neglect of defendant. In addition to the claim that defendant was a religious fanatic, plaintiff testified that defendant was neglectful of her home, although she was gainfully employed outside of her home; that the house was untidy and that she was indifferent to her own appearance.

Defendant called as witnesses her neighbors and residents of the community where the parties had lived, six in number, two members of the Catholic faith and four of the Protestant faith. These witnesses knew the defendant over a period of time and had visited in defendant's home and had observed her housekeeping and her personal appearance from time to time. These witnesses testified that defendant was a good

housekeeper, neat in appearance and active and helpful in the civic and religious life of the community where she had resided. Four of these, three Methodists and one Baptist, each testified that defendant at no time tried to impose her religious faith on any of them at any time, and also that she was helpfully interested in the civic and religious life of her community.

Plaintiff's testimony concerning the alleged zealous character of defendant's religious activity was corroborated to some extent by members of his family. However, a question arises as to whether or not this alleged breach of the marital contract amounted to gross neglect of duty, as claimed by plaintiff. In view of the prejudicial error disclosed on the record and that the judgment of the trial court must be reversed, it becomes unnecessary to consider the weight of the evidence on the issues joined between the parties.

Judgment of the court of common pleas reversed and cause remanded thereto for a new trial. Costs to abide final judgment.

MILLER, PJ, HORNBECK, J, concur.