[No. 36296. Department Two. December 6, 1962.]

DONALD E. WRIGHT, *Appellant,* v. MARJORIE A. WRIGHT, *Respondent.**

*Theodore P. Cummings* and *McBride & Malone,* for appellant.

*Cadwell F. Corrigan,* for respondent.

*Reported in 376 P. (2d) 658.

DONWORTH, J.—This is an appeal by a husband from an order dismissing his suit for a divorce after a trial on the merits. His wife's cross-complaint for a divorce was likewise dismissed.

The parties were married in 1951 and had five children. They separated in 1959. In 1961, appellant instituted his action for divorce, alleging that his wife had inflicted mental and physical cruelty upon him and other personal indignities, rendering life burdensome. The wife's answer and cross-complaint contained a denial of these allegations and alleged that appellant had committed similar acts of cruelty and personal indignities, which entitled her to a divorce.

Prior to trial, the matter was referred to the Family Court in an attempt to effect a reconciliation, but none resulted.

█ It is unnecessary to set forth the substance of the evidence introduced by the parties at the trial. With the exception of the last two (to be noted later), all errors assigned by appellant relate to the findings of fact. It is plain that the trial court did not believe appellant's testimony regarding the alleged acts of his wife, which he claimed constituted cruelty and personal indignities and entitled him to a divorce. The two spouses were the only witnesses.

The decision of this court in the recent case of *Cooper v. Cooper*, *ante* p. 208, 373 P. (2d) 109 (1962), applies the correct rule in cases such as the one before us. We there said:

"The plaintiff husband appeals from a judgment dismissing his action for divorce. There is really nothing for us to review.

"Confronted with a situation where, as here, the only witnesses as to the grounds for divorce are the parties, the trial court may believe one and disbelieve the other. If undecided whom to believe, it may find that the grounds for divorce have not been established by the preponderance of the evidence. *Paulson v. Paulson* (1950), 37 Wn. (2d) 555, 225 P. (2d) 206; *Braun v. Braun* (1948), 31 Wn. (2d) 468, 197 P. (2d) 442.

"Where, as here, the trial court specifically finds that the plaintiff has not sustained the burden of proof as to the

grounds for divorce, it is not the province of this court to tell it whom and what it should have believed."

Accordingly, the trial court did not err in denying appellant a divorce.

The last two assignments relate to the failure of the court to permit the cross-examination of his wife by his counsel. The circumstances under which this ruling was made were as follows:

At the close of appellant's case the wife's counsel made a motion for dismissal. At the conclusion of the argument, the trial court said:

"THE COURT: I want to ask Counsel for the defendant whether the defendant proposes to stand on her amended cross-complaint and whether you intend to offer evidence on it regardless of what the ruling may be on the motion? MR. CORRIGAN: The defendant intends to proceed and ask for a divorce in her own right. THE COURT: I will reserve my ruling then in that event."

The wife then took the stand and testified at some length regarding appellant's reluctance to help her with the children during her pregnancies, their personal relations, and her poor financial condition at that time. Her testimony was in conflict with that of her husband in several material respects and also tended to support the allegations of her cross-complaint for a divorce.

At the usual time for adjournment of court for the day, when the wife was still on the stand, the following colloquy took place:

"THE COURT: Counsel, we have reached the point where we would normally take our adjournment for the day.

"I assume that counsel will have some cross examination.

"I think we will recess until tomorrow morning.

"Have you put in all the evidence of your grounds for divorce?

"MR. CORRIGAN: Yes.

"THE COURT: I don't think either side has established any ground for divorce.

"The complaint and cross-complaint will both be dismissed. I think these people better get together and talk over plans for the sake of these children.

"There will be no divorce granted for either side.

"Step down.

"The fact that the plaintiff resides in California, it might be well for counsel to advise him of the reciprocal marriage and divorce provisions and also the criminal provisions relative to non-support if his attitude should change. I assume there is no need of it at this point.

"That will be all."

Appellant contends that his counsel was thus erroneously deprived of the right of cross-examining his wife; that this right is absolute, and that the trial judge has no discretion in the matter. Appellant relies on *Weikert v. Weikert*, 75 Ohio L. Abs. 372, 143 N. E. (2d) 863 (1956), in which it was held that the trial court *had abused its discretion* in limiting the husband's cross-examination by the wife's attorney. The cited case hardly supports appellant's argument that the trial court has *no* discretion relative to cross-examination.

It will be noted that in the present case no protest was made by appellant's counsel at the time the trial court's ruling was announced. The trial court's order of dismissal from which this appeal is taken was entered more than five months later. The record shows that a post-trial motion (in which reconsideration of the court's oral decision was asked) was filed over three weeks after the trial but no disposition thereof is shown.

Assuming that appellant's last two assignments are now available to him, we think that the record clearly shows that the trial court, having reserved ruling on the wife's motion for dismissal at the close of appellant's evidence, merely proceeded to grant the motion at the end of the wife's testimony. Therefore, its disposition of the case rested on the court's disbelief of appellant's own testimony. This failure of proof could not be remedied by cross-examination of the wife (unless she had been called as an adverse witness). Appellant was not prejudiced, even though his counsel never had an opportunity to cross-examine his wife.

We find no error in the trial court's dismissal of appellant's complaint with prejudice at the time and under the cir-

cumstances shown by this record. The order entered herein on July 29, 1961, is in all respects affirmed.

FINLEY, C. J., HILL, HUNTER, and HAMILTON, JJ., concur.