[No. 31512.  Department One.  August 10, 1950.]

THE STATE OF WASHINGTON, *on the Relation of Verna S. Edwards, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *James W. Hodson, Judge, Respondent*.[1]

*Will Lanning,* for relator.

*Vedova, Horswill & Yeomans,* for respondent.

GRADY, J.—This case is before the court upon a temporary writ of prohibition directed to the superior court for King county. The question involved is whether the court may acquire jurisdiction over the subject matter so that it may modify, alter, or change a decree of divorce relating to visitation privileges by the procedural process of a motion and affidavit made by the attorneys for the applicant and the service of an order to show cause.

In the case of James M. Edwards v. Verna S. Edwards, the relator here, a decree of divorce was taken by default on

[1]Reported in 221 P. (2d) 518.

November 16, 1949. The custody of two minor children was given to their mother, and their father was given "the right of reasonable visitation with the said children." After the entry of the decree, James M. Edwards remarried and became a resident of the state of Montana. In July, 1950, his attorneys filed a motion, supported by an affidavit of one of them, seeking an order directed to relator to show cause why he should not have the children with him at his home in Montana during the last two weeks of July and the month of August, 1950. Upon the service of the order, relator appeared and challenged the jurisdiction of the court over the subject matter upon the ground that by Rem. Rev. Stat., §§ 466, 467 and 468 [P.P.C. §§ 71-5, -7, -9], it was necessary for one who seeks modification of a judgment to proceed by verified petition served in the same manner as an original action is commenced.

It is contended by respondent that a modification of the decree is not sought, but merely an interpretation of the visitation privileges therein; that its meaning is that the father of the children may have them visit him in his home in Montana, rather than he being required to come to Seattle to visit them, and therefore he may proceed by motion supported by affidavit and show cause order. We think the proceeding goes further than this and, to be effective, would require a modification of the decree.

If Edwards was residing in Seattle or vicinity and found conditions such that his right of visitation was impeded if exercised at relator's home, no doubt he would have the right to have the children come to his place of abode at reasonable times and have the aid of the court to that end. But with such a visitation privilege as given in the decree, it will require a modification of or change in it in order that the children may be taken beyond the jurisdiction of the court and for such a long period as requested. The decree is not that broad and cannot be so extended by means of interpretation.

Prior to the amendment of Rem. Rev. Stat., § 988, we had held that, under its equitable powers, the court had a

continuing jurisdiction in divorce cases to modify a decree so long as there was a minor child whose maintenance and welfare was provided for therein. *State ex rel. Ranken v. Superior Court,* 6 Wn. (2d) 90, 106 P. (2d) 1082, and cases cited. The statute has been amended and, as it now stands, is Rem. Supp. 1949, § 997-11. The original statute contained no procedural provisions by which the jurisdiction of the court might be invoked. Chapter 109 of the Laws of 1921, p. 331, amended certain statutes relating to divorce and added Rem. Rev. Stat., § 995-3 (Rem. Supp. 1949, § 997-17). This section provided for the filing of a verified petition, and that the court should then have full and complete jurisdiction of the cause and should thereupon order such notice of the hearing of the petition to be given as the court might determine.

We decided in the case last cited:

"When Rem. Rev. Stat. (Sup.), § 988, as above quoted is read in connection with Rem. Rev. Stat., § 995-3, also above quoted, and with our construction of the latter section, we think it is plain that the legislature, by these two acts, intended not only to confer upon the court in which an action for divorce is brought continuing jurisdiction in matters relating to custody and support of minor children, but also to provide a complete, yet simple, procedure for modifying, altering, and revising, at any time, all provisions relating to the custody and support of minor children as changing circumstances might require. If there be any ambiguity in the wording of Rem. Rev. Stat. (Sup.), § 988, relative to modification of such provisions, we resolve that ambiguity in favor of the power of the court to order the modification in a proceeding brought in the original action."

In *State ex rel. Jiminez v. Superior Court,* 24 Wn. (2d) 194, 163 P. (2d) 610, when considering Rem. Rev. Stat. (Sup.), § 988 and Rem. Rev. Stat., §§ 995-2 to and including 995-5, we said:

"(3) That after the entry of the final decree of divorce the court which made and entered the final decree has continuing jurisdiction to modify or change such final decree as to the custody, support, or maintenance of minor children of the parties, as the changing conditions may require, having in mind the welfare of such minor children."

In that case, a father had been given the right to visit his children, who were in the custody of their mother, and to have one of them visit him away from her mother's home. The mother moved to another county and took the children with her. The proceeding was brought to compel her to return the children to the county of their original residence and maintain them there so that the father could exercise his visitation rights. The procedure was by motion and affidavit and a show cause order. There are some expressions to be found in the opinion from which it might be argued that jurisdiction to modify, change, or alter a decree of divorce relative to visitation might be invoked in this manner, but the court did not have before it any such question. The relief sought was an enforcement of the decree in respect to visitation. We cited and quoted from *State ex rel. Shallenberger v. Superior Court*, 174 Wash. 627, 25 P. (2d) 1041. In that case, it was held that the continuing jurisdiction to modify a divorce decree in certain respects was invoked by the filing of the petition, together with certain documents, if the proceeding was taken in a county other than that in which the decree of divorce was entered.

In view of the foregoing statutes and the construction placed upon them by this court, we conclude that the filing of the motion and affidavit made by the attorneys for respondent did not invoke the jurisdiction of the court to modify, change, or alter the decree so as to permit the children of respondent and relator to be taken by him to Montana and be in his custody there.

The writ of prohibition prayed for by relator is granted.

MALLERY, SCHWELLENBACH, HILL, and DONWORTH, JJ., concur.