[No. 31494. Department One. December 7, 1950.]

BETTY J. PAULSON, *Appellant*, v. DOUGLAS PAULSON, *Respondent*.[1]

[1]Reported in 225 P. (2d) 206.

*Frederick B. Cohen* and *John E. Bowen*, for appellant.

*Ray R. Greenwood* and *Frank A. Shiers*, for respondent.

HILL, J.—The wife appeals from a decree awarding the husband a divorce and custody of two minor children, boys of the ages of seven and six. Her present counsel did not represent her until after the trial in the superior court.

The trial judge, unwilling to sign the findings proposed by either party, prepared his own, thus guaranteeing that they accurately reflect his views; and the evidence supports them in all essential details.

The wife commenced the action; the husband, hoping for a reconciliation, did not cross-complain but set up, in an affirmative defense, allegations regarding her infatuation for and her conduct with another man as a basis for his position that, if a divorce was granted, he should have custody of the children. At the conclusion of the wife's case, the trial court granted the husband's request to permit him to amend his pleadings to ask for a divorce. Although the wife objected, on the ground that the request was not timely, no prejudice was claimed and no request was made for a continuance. No new factual issues were injected into the case, and we see no prejudice to the wife and no abuse of the trial court's discretion.

Appellant urges that she should have been granted a divorce. The short answer is that the trial court did not

have to believe her testimony. As we said in *Braun v. Braun*, 31 Wn. (2d) 468, 470, 197 P. (2d) 442:

"Confronted with a situation where there are only two witnesses, one of whom asserts and the other denies, a trial judge, if undecided whom to believe, may find that the acts complained of have not been established by a preponderance of the evidence; or, believing one and of necessity disbelieving the other, he may find that the things complained of did or did not happen."

The trial court here found, and we are in entire accord, that the acts of the husband relied upon by the wife as her grounds for divorce had not been established by a preponderance of the evidence.

Appellant's assignments of error that the husband should not have been granted a divorce and the custody of their minor children will be considered together. The trial court found:

"That the inducing cause for the departure of the Plaintiff [appellant, from the family home] and the filing of her complaint herein [The sequence was reversed; she did not leave the home until after the action was commenced.], was an attachment which she had formed for another man; that plaintiff's infatuation for this man, and her conduct with him, in public and private, was notorious; humiliated and embarrassed the defendant [respondent]. . . ."

The court found, and the wife admitted, that the respondent was a loving and devoted father. So far as the physical and material advantages are concerned, the children would be better off at the home of respondent's parents on a small farm than any place the appellant had to offer. (Respondent was living with his parents.) But we have recognized that material advantages, while a consideration, are certainly not controlling factors in the determination of the custody of children. *Campbell v. Campbell*, 19 Wn. (2d) 410, 143 P. (2d) 534; *Schorno v. Schorno*, 26 Wn. (2d) 11, 172 P. (2d) 474; *Martin v. Martin*, 27 Wn. (2d) 308, 178 P. (2d) 284. We have also gone a long way to uphold the right of mothers to the custody of children of tender years. *Ostrander v. Ostrander*, 176 Wash. 669, 30 P. (2d) 658; *Norman v. Norman*, 27 Wn. (2d) 25, 176 P. (2d) 349. But

in this case the wife and mother moved out of the family home during the pendency of the divorce action, took up her residence in a basement apartment, with the children sleeping in the laundry room (over the objection of her aunt, from whom she rented the apartment) in order that she might more freely carry on her romance with the other man. The trial judge aptly summed up the situation when he said

"That Plaintiff wagered the welfare and custody of her children, against an opportunity to carry on her dalliance with the other man, and to this end left her husband, took her children to a habitation which was inadequate, unsuitable and detrimental to the health of said children and subordinated their welfare to her clandestine romance."

When a mother makes that kind of a "wager" she cannot well complain if the trial judge concludes, as did the trial judge here, that the best interests of children of impressionable years "require that they be removed from their present environment, contacts and exposures." We are of the opinion that the trial judge was entirely justified in granting a divorce to the husband and giving him custody of the children, and that in so doing he was actuated only by a consideration of what was presently for the best interests of the children.

Another assignment of error is the trial court's failure to grant a "Motion for Reconsideration of Decision, or, in the Alternative, for a New Trial," which was supported by affidavits from a nurse, a doctor, and the appellant, concerning the care given the younger boy (who had contracted poliomyelitis when 2½ years old) and the necessity for continuing care, and stating that the mother had been trained and instructed in the giving of muscular exercises and circulatory treatments. Appellant also set forth in her affidavit that she is willing, if the court deems it necessary, to take the children to her parents' home in the eastern part of the state.

Respondent's mother, who is only forty-six years of age, set forth (likewise by affidavit) that she is willing and able to do each and every thing that has been done for the

child by his mother "or any other person except the trained practitioners."

The trial court apparently was not impressed, nor are we, with appellant's efforts to establish herself as an indispensable person in the care of the younger child, nor by her belated suggestion that her parents' home would be a proper place for the children.

Nothing offered in these affidavits meets the test of what is required of newly discovered evidence to warrant a new trial, nor is there anything in them that would require the trial court to reconsider its decision, and we find no error in its refusal so to do.

Finally, appellant assigns as error the refusal of the trial court to "require respondent to surrender the minor children of the parties to the appellant during the summer vacation period." The trial court concluded in its findings as follows:

". . . The Court finds that it is reasonable that the Plaintiff shall have the right to visit her children at any and all reasonable times, and take them with her for vacation periods and during holidays, provided they are not exposed to any unseemly behavior on the part of the Plaintiff. It is found that no specific time for visitation shall be fixed by the Court, unless it be made to appear that an agreement concerning it cannot be kept between them";
and it was decreed

". . . that the Plaintiff be and she is hereby granted the right to see said children at any reasonable time and take them with her over holidays and vacation times in any reasonable circumstances, provided they shall not be exposed to any unseemly conduct on her part, and it is further Ordered that in the event these parties cannot agree upon the periods of said visitation, then application may be made to the Court and determination relative thereto will be made. . . ."

The appellant, construing the decree to mean that she was entitled to the children during the entire summer vacation period, had an order issued directing the respondent to show cause why he should not be required to surrender the children to her during the summer vacation period or be

adjudged in contempt. The trial court refused to hold respondent in contempt and entered the following order July 14, 1950:

". . . It is further

"ORDERED AND ADJUDGED that pursuant to and under the . provisions of the decree the time of visitation of the minor children of these parties by the plaintiff be and the same is hereby fixed as follows: That the plaintiff shall have the right to visit said children and take and keep them with her over every other Saturday and Sunday commencing on July 8, 1950, except between the dates of July 22nd, 1950 and August 7th, 1950, during which period plaintiff shall have said children and thereafter plaintiff shall be again entitled to said children over Saturday and Sunday on alternate weekends. The parties are hereby accorded the right by agreement to vary the terms of this order as the exigencies of the case may dictate."

If this is a modification of the divorce decree, the trial court exceeded its authority (*State ex rel. Edwards v. Superior Court, ante* p. 8, 221 P. (2d) 518) and the statutory procedure relative to modifications (Rem. Supp. 1949, §§ 997-16, 997-17) was not followed. However, this impresses us as a clarification rather than a modification. Many trial courts do what was done in this case, *i.e.,* leave considerable latitude in the matter of visitation privileges, for the reason that, if the parties are reasonable in their approach to the problem, they can work it out on a mutually satisfactory basis and avoid the difficulties inherent to a hard and fast visitation schedule. If, however, the parties cannot agree, the court must then define the privilege so minutely that there can be no opportunity for misunderstanding.

■ We are not, by the terms of the assignment of error, called upon to pass upon the question of whether the order of July 14, 1950, was a modification or a clarification of the divorce decree appealed from, or to determine to what extent such a decree may be clarified, if at all, during the pendency of an appeal. The error assigned is that the trial court erred in "refusing to require respondent to surrender

the minor children of the parties to the appellant during the summer vacation period."

We cannot agree with the interpretation which appellant places on the divorce decree; we do not believe that it was ever contemplated that she was to have the children during the entire summer vacation period (and, if there is any logic in her contention, during the Easter, Thanksgiving, Christmas and all other vacation periods). It therefore follows that we do not believe that the trial court erred in refusing to require the respondent to surrender the children to the appellant during the entire summer vacation period.

All assignments of error by the appellant are found to be without merit and the judgment of the trial court is therefore affirmed, without decision as to the question of modification or clarification presented by the order of July 14, 1950, and referred to herein.

BEALS, ROBINSON, SCHWELLENBACH, and DONWORTH, JJ., concur.