[No. 40573.   Department Two.   February 27, 1969.]

REYNOLD J. RIVARD, *Respondent,* v. JACQUELYN RIVARD, *Petitioner.*\*

\*Reported in 451 P.2d 677.

*Maslan & Hanan,* by *J. Stephen Funk,* for petitioner.

*Glenn W. Toomey,* for respondent.

ARMSTRONG, J.†—Respondent Reynold J. Rivard and petitioner Jacquelyn Rivard were married in 1962 and two children were born of the marriage. The marriage culminated in a default divorce, entered in favor of respondent in 1968. Petitioner was given custody of the two minor children and reasonable rights of visitation were reserved to the father. Thereafter the parties were apparently unable to agree as to what constituted reasonable visitation rights and respondent served a motion for definition, clarification and specification of visitation rights and asked to have the children on alternate weekends and one evening per week, alleging that petitioner would allow him to see the children only on alternate Sundays and one evening per week.

Both parties filed sharply conflicting affidavits in the matter and a hearing was held on August 28, 1968. The trial court, after hearing arguments of both counsel and examining the affidavits, granted respondent Rivard's motion and the visitation rights for which he had asked. Jacquelyn Rivard then applied to this court, by way of writ of certiorari, contending, among other things, that the trial court had no jurisdiction to grant the motion inasmuch as the visitation rights given to respondent Rivard constituted a modification of the divorce decree and that the proper procedure to obtain a modification had not been followed.

The distinction between a modification and a clarification with regard to visitation rights, has never been squarely before this court. Two cases, however, have discussed this issue.

In *State ex rel. Edwards v. Superior Court,* 37 Wn.2d 8, 221 P.2d 518 (1950), a decree of divorce was entered and custody of the two minor children was given to their

---

†Judge Armstrong is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

mother, with the father receiving reasonable visitation rights. Thereafter, the father remarried, moved to Montana, and filed a motion seeking an order granting him the right to have the children for 6 weeks during the summer months in Montana. The mother then filed a writ of prohibition with this court to restrain the superior court from assuming jurisdiction, arguing that a modification of the divorce decree was being sought and not, as the father argued, a clarification.

This court held the action of the father, in attempting to take the children outside the jurisdiction of the court for 6 weeks, went further than a mere interpretation of the visitation privilege and the proceeding, to be effective, would require a modification of the decree.

The court stated at 9:

But with such a visitation privilege as given in the decree, it will require a modification of or change in it in order that the children may be taken beyond the jurisdiction of the court and for such a long period as requested. The decree is not that broad and cannot be so extended by means of interpretation.

In *Paulson v. Paulson,* 37 Wn.2d 555, 225 P.2d 206 (1950), custody of the minor children was given to the husband, and the wife was given the right of reasonable visitation during vacation and holiday periods. The mother construed this to mean that she was entitled to the children during the entire summer months and sought to have an order issued directing the father of the children to surrender the children during that period. The trial court denied the motion and entered an order allowing the mother to have the children every other weekend and for 2 weeks during the summer. The court held the order to be a clarification of the decree, not a modification, and stated at 560:

Many trial courts do what was done in this case, *i.e.,* leave considerable latitude in the matter of visitation privileges, for the reason that, if the parties are reasonable in their approach to the problem, they can work it out on a mutually satisfactory basis and avoid the difficulties inherent to a hard and fast visitation schedule.

. If, however, the parties cannot agree, the court must then define the privilege so minutely that there can be no opportunity for misunderstanding.

The court then stated that whether the order was a modification or a clarification was not in issue since the appellant did not assign error to the court's action.

*Starkey v. Starkey,* 40 Wn.2d 307, 242 P.2d 1048 (1952), is a similar case. The court made the following statement at 317-18:

It will be observed that neither party is complaining of the change in visitation rights to the extent provided in the instant decree. It is therefore unnecessary to decide whether such change constitutes a modification of the divorce decree which was beyond the authority of the court in this proceeding *(State ex rel. Edwards v. Superior Court, supra)* or was a reasonable clarification of rights not amounting to a modification of the divorce decree. *Paulson v. Paulson,* 37 Wn. (2d) 555, 225 P. (2d) 206.

In analyzing these three cases, it appears that the court in *Starkey v. Starkey, supra* although by way of dicta, recognized *State ex rel. Edwards v. Superior Court, supra,* to be an example of a modification and *Paulson v. Paulson, supra,* to be a clarification situation. Although *Paulson* was decided on other grounds, we think the court's analysis of the problem was correct.

██ A modification of visitation rights occurs where the visitation rights given to one of the parties is either extended beyond the scope originally intended or where those rights are reduced, giving the party less rights than those he originally received. A clarification, on the other hand, is merely a definition of the rights which have already been given and those rights may be completely spelled out if necessary.

While there are no cases directly relating to a modification of visitation rights other than the cases cited here, the general principles of modification of custody set forth in *Klettke v. Klettke,* 48 Wn.2d 502, 294 P.2d 938 (1956) would be applicable. A modification of visiting rights could

be granted only where there has been a material change in the condition or fitness of the parties or the welfare of the children would be promoted thereby. If a clarification was not available to parties when the court had, in its decree, only provided for "reasonable visitation rights", and they were unable to agree what reasonable visitation rights would be, great difficulties would arise. Unless a party could show a change of circumstances and fit the requirements for a modification, a manifest hardship would arise since he could not be able to enforce his rights of visitation. Furthermore, unless a change of circumstances could be shown, the court would be unable to enforce its own decree.

In the instant case, the divorce decree provided that Mr. Rivard was to have reasonable visitation rights. When he and Mrs. Rivard were unable to agree as to what constituted such rights, respondent had the right to have the court specifically spell out what rights of visitation with his children were available to him. Upon motion the trial court allowed respondent alternate weekends and one evening per week. This is well within the scope of reasonable visitation rights and the court's action constituted a clarification of the decree and not a modification.

Petitioner also claims that the trial court's decision to grant the motion was arbitrary and capricious, and constituted an abuse of discretion. Petitioner bases her argument on the fact that conflicting affidavits were presented to the court and that no oral testimony was then taken with regard to the affidavits or as to whether or not respondent had been receiving reasonable visitation rights.

CR 43(e)(1), Evidence on Motions, provides:

> When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court *may* direct that the matter be heard wholly or partly on oral testimony or depositions. (Italics ours.)

In situations such as in the instant case, the trial court may order oral testimony but such action is purely discretionary and we will not overturn its ruling unless an

abuse of discretion can be shown. The four affidavits presented to the court contained ample evidence upon which a ruling could be made as to visitation rights and in absence of a manifest abuse of discretion, the ruling of the trial court will not be overruled.

Petitioner's last assignment of error deals with the notice she received for the motion for clarification. It is contended that only 4 days' notice was given and that CR 6(d), relating to service of motions, requires 5 days' notice. It is also argued that the 4 days' notice was inadequate to prepare her argument.

Petitioner states in her brief that the only issue she argued at the hearing was whether the court had jurisdiction to hear the matter and enter the order. However, petitioner served two affidavits in resistance to the motion and did not request a continuance or raise the issue of lack of sufficient notice. When lack of notice was not raised it was waived and petitioner may not now raise the issue in this court.

The decision of the trial court is affirmed.

HUNTER, C. J., HILL, ROSELLINI, and HALE, JJ., concur.