IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JOHN and CLAUDIA SWENSON, husband and wife, | ) ) ) | No. 31249-6-III |
| Respondents, | ) ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| ALAN F. WEEKS, individually, and the MARITAL COMMUNITY OF ALAN F. WEEKS and JULIE WEEKS, | ) ) ) ) ) | |
| Appellants. | ) | |

FEARING, J. — John and Claudia Swenson purchased property from a trust established by Alan and Julia Weeks, who remained the Swensons' neighbors. When the Weeks interfered in the use of land along the border of the neighbors' properties that the Swensons believed to be their property, the Swensons sued to gain title to that portion of land through adverse possession.

The trial court ruled in John and Claudia Swenson's favor and ordered the Weeks to convey the disputed land. The Swensons' surveyor prepared a legal description for the land, but the Weeks complained that the map drawn by the surveyor did not accurately represent the conveyance the court intended. The Swensons, under CR 60, asked the

court to clarify its judgment. The court granted the Swensons' motion and clarified that the Swensons' surveyor's map accurately depicted the judgment intended.

On appeal, the Weeks allege the trial court erred when granting the motion to clarify because it (1) granted the motion without a supporting affidavit; (2) considered exhibits that were not admitted at trial; (3) failed to construe its prior judgment in accordance with the rules of construction; (4) improperly expanded its judgment; and (5) granted the Swensons' motion in violation of res judicata. The Swensons disagree and seek reasonable attorney fees and costs on appeal.

We do not address whether the Swensons should have been awarded property by adverse possession in the first place. We reject the Weeks' arguments and affirm the trial court's grant of the motion to clarify. We deny the Swensons reasonable attorney fees on appeal.

## FACTS

In 1998, Alan and Julie Weeks sold a portion of the land they owned in trust in Chelan County to John and Claudia Swenson. For more than 10 years after the purchase, the Swensons used a portion of the Weeks' remaining property (the "adversely possessed area") as the true owner would. The Swensons fertilized and irrigated trees on the area, maintained a planter box, and routinely cleared the land of weeds and vegetation to create a fire break.

2

In September 2009, the Weeks entered the adversely possessed area, ripped out the Swensons' irrigation system, cut down trees, and installed a fence. In response, the Swensons filed this suit. Following a bench trial, the Chelan County Superior Court quieted title, ordered the Weeks to convey the adversely possessed area, and awarded the Swensons damages, attorney fees and costs.

The court ordered the Weeks to convey a strip of land that narrows from 25 feet wide to 17 feet wide "at a point 3 feet past the southwest corner of [the Swensons'] home." Clerk's Papers (CP) at 205. When preparing their map, the Swensons considered the "southwest corner" of their home to be a deck line. Br. of Resp't at 4. The Weeks demurred and argued the "southwest corner" of the home, as contemplated by the trial court's ruling, was the home's foundation. Br. of Appellant at 6. Under the Swensons' interpretation of the court's ruling, the court provided them an additional 56 square feet. Below is a surveyor's map altered to illustrate the dispute.

3



The trial court's initial order was unclear and defined the adversely possessed area by reference to the court's amended findings of fact and conclusions of law, which in turn, referenced two potentially contradictory documents. The amended findings and conclusions defined the "adverse possession area" both as:

[1]   The location on the map showing the "Pre-Existing Improvements and the area in which the Swensons maintained the fire break[, which] is attached hereto as Exhibit 'B'" and

[2]   The . . . area depicted [in] Exhibit 'A.'

CP at 189, 195. Exhibit "A" is the trial court's previous memorandum decision. CP at 198. Exhibit "B" is a 2009 survey of a plat, which the trial court attached to its

4

memorandum decision. CP at 207-08. The court's repeated reference to both records suggests neither is a scrivener's error.

Exhibit "A" states the area the Swensons "adversely possessed is a 25 [foot] wide strip parallel to plaintiff's northwest side of their property (exclusive of the area adjacent to the access easement) that narrows to 17 feet in width at a point 3 feet past the southwest corner of plaintiffs' home. See attached diagram." CP at 205. The attached diagram is Exhibit "B." Exhibit "B" is a map that depicts the adversely possessed area narrowing to 17 feet, 3 feet south of the Swensons' foundation line.

When the Weeks claimed the Swensons' interpretation of the adversely possessed area was wrong, they sued the Swensons, in a second suit, for trespass. The second trial court instructed the Weeks to seek an interpretation of the order from the judge who issued it. When the Weeks failed to seek clarification, the Swensons filed a motion to clarify under CR 60. The Swensons attached to the motion a surveyor's map and over a dozen pictures that were not in the trial record.

The trial court granted the Swensons' motion and clarified that he intended the adversely possessed area narrowed at three feet past the Swensons' deck. The court stated, the "deck was and is part of the Plaintiffs' home, existing when [the] Weeks sold the . . . Property to [the Swensons]." CP at 62. Further, the court explained, "[m]easuring the transition point from the corner of the deck is consistent with the Court's findings at trial." CP at 62. At trial the court found the purpose of narrowing the

strip three feet south of the home was to "giv[e] room for the trees that were already on the property." Report of Proceedings (RP) at 9. If the deck was not considered part of the home, the court explained, there would be no room for the trees. (You "can't grow a tree through a deck."). RP at 9. The trial court concluded the survey and legal description prepared by the Swensons' surveyor was consistent with its prior judgment, and attached the map to its clarifying order.

## LAW AND ANALYSIS

### Supporting Affidavit

Alan and Julia Weeks first contend that CR 60 controlled the Swensons' motion for clarification and CR 60(e) demands an affidavit to support such a motion. Thus, the Weeks argue, the trial court could not grant the motion to clarify because the Swensons failed to submit any affidavit in support of the motion.

We decline to address the Weeks' first argument, since the Weeks never raised this purported defect before the trial court. Generally, this court will not review an issue raised for the first time on appeal. *See* RAP 2.5(a); *State v. Moen*, 129 Wn.2d 535, 543, 919 P.2d 69 (1996). The purpose of requiring an objection in general is to apprise the trial court of the claimed error at a time when the court has an opportunity to correct the error. *Moen*, 129 Wn.2d at 547; *State v. Wicke*, 91 Wn.2d 638, 642, 591 P.2d 452 (1979). Applying this rule is particularly apt in this appeal. We question whether any affidavit was needed for the trial court to resolve the motion to clarify, since the trial court had

6

numerous other pleadings and trial testimony to aid it in rendering a decision. If the Weeks believed an affidavit was essential, they should have informed the trial court and the Swensons so that the court and their opponent could correct any defect. A prompt objection by the Weeks would save the court system and the parties the time in later addressing the question on appeal and a possible remand for an additional hearing with an affidavit.

Exhibits

The Swensons accompanied their motion to clarify with pictures and a surveyor map. The Weeks complain that the Swensons provided additional trial evidence with their motion submittals and the trial court should have imposed the rule that requires a party to show the evidence is new and could not have been discovered earlier using due diligence.

The Weeks also failed to assert this objection before the trial court. Thus, we decline to entertain this second assignment of error. Generally, this court will not review an issue raised for the first time on appeal. RAP 2.5(a); *Moen*, 129 Wn.2d at 543.

The Weeks' second assignment of error demonstrates the need to raise an issue first with the trial court. The Weeks argue the photographs and surveyor's map constitute new evidence. The Swensons contend the judge visited and viewed the adversely possessed area during the bench trial. Because the photographs and surveyor map mirror evidence the court previously considered at trial, the Swensons contend they do not

7

constitute new evidence. Without knowing what the trial court saw during its visit, we are unable to determine whether the photographs and surveyor's map constitute new evidence. Raising the argument in response to the motion to clarify would have granted the trial court an opportunity to explain whether he relied on the photos and map, and to comment whether either or both differed from the perspective he received when viewing the property.

## Rules of Construction

Alan and Julia Weeks next contend the trial court violated rules of construction of judgments when granting the motion to clarify. The trial court, in its interpretation of its initial order, failed to give meaning to the term "southwest corner." In addition, according to the Weeks, the trial court failed to reconcile exhibit "B," the diagram it attached to its memorandum decision, with its now stated intent. Exhibit "B" depicts the foundation line of the south wall of the Swensons' home as the southwest corner. Last, the Weeks contend the trial court impermissibly substituted its previously unexpressed intent for the plain language of its memorandum decision.

Each of the Weeks' three arguments ignores the nature of a motion to clarify. The trial court was being asked to illuminate its own order in circumstances where the parties disagreed as to its meaning. The trial court was not being asked to read and elucidate the meaning of a document, pleading or order written by a third party. Rules of construction apply when an appellate court must construe the trial court's intent. *In re Marriage of*

*Gimlett*, 95 Wn.2d 699, 704-05, 629 P.2d 450 (1981). The three decisions upon which the Weeks rely, discuss appellate review of a trial court's ambiguous order. *In re Marriage of Thompson*, 97 Wn. App. 873, 878, 988 P.2d 499 (1999); *In re Marriage of Chavez*, 80 Wn. App. 432, 435, 909 P.2d 314 (1996); *In re Marriage of Kruger*, 37 Wn. App. 329, 331, 679 P.2d 961 (1984). Here, the trial court further defined its intent, rather than divined the intent of another. The trial court need not have followed rules of construction.

### Expansion of Judgment

The Weeks argue that the trial court's "clarification" order was in the nature of an expansion or change in the judgment, rather than a clarification. No civil rule authorizes or addresses a motion for clarification. Nevertheless, Washington courts allow a request for clarification in order to merely define the rights which have already been given. *Rivard v. Rivard*, 75 Wn.2d 415, 418, 451 P.2d 677 (1969). A judgment, after the expiration of the appeal period, may not be changed except on grounds listed under CR 60. But the judgment may be "clarified" at any time. *Kemmer v. Keiski*, 116 Wn. App. 924, 932, 68 P.3d 1138 (2003). A court may clarify a decree by defining the parties' respective rights and obligations, if the parties cannot agree on the meaning of a particular provision. *In re Marriage of Christel and Blanchard*, 101 Wn. App. 13, 22, 1 P.3d 600 (2000).

The trial court committed no error when clarifying its initial order. The

clarification did not expand upon or alter the original order. The original order could be construed in the manner argued by the Weeks or by the Swensons. The court needed to clarify its intent.

## Res Judicata

Finally, Alan and Julia Weeks contend the doctrine of res judicata barred the trial court from clarifying its initial order. They supply no authority to support its argument. Our previous analysis shows that the trial court may entertain a motion to clarify at any time, since the motion seeks to explain or refine rights already given, not grant new rights or extend old ones. *Rivard,* 75 Wn.2d at 418; *Kemmer,* 116 Wn. App. at 933. Res judicata requires that the prior judgment be final. *Berschauer Phillips Constr. Co. v. Mutual of Enumclaw Ins. Co.,* 175 Wn. App. 222, 228, 308 P.3d 681 (2013). Clarifying a judgment does not impact its finality.

## Attorney Fees

The Swensons seek an award of reasonable attorney fees on appeal, pursuant to RCW 7.28.083(3). RCW 7.28.083(3) entitles the prevailing party to reasonable attorney fees and costs in an action asserting title to real property by adverse possession. Nevertheless, RCW 7.28.083 applies only to actions filed on or after July 1, 2012. LAWS OF 2011, ch. 255, § 2. The Swensons filed suit asserting title to the Weeks' property in 2009. Thus, we deny them reasonable attorneys fees.

10

No. 31249-6-III
*Swenson v. Weeks*

## CONCLUSION

We affirm the trial court's grant of the motion to clarify and deny the Swensons' request for attorney fees.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be field for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____          _____
Brown, J.                                                    Siddoway, C.J.

11