IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| INSLEE, MAXWELL & ASSOC., | ) | No. 77034-9-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| STATE OF WASHINGTON, | ) | UNPUBLISHED OPINION |
| DEPARTMENT OF SOCIAL AND | ) | |
| HEALTH SERVICES, | ) | |
| Appellant. | ) | FILED: July 30, 2018 |
| | ) | |

ANDRUS, J. —The Department of Social and Health Services (DSHS) appeals a trial court's order requiring it to pay a Medicaid recipient's guardianship fees and costs[1] in excess of $10,000 within 30 days. Because the order would result in the use of public funds, contrary to statute, we reverse.

## FACTS

Thomas Clayton Henson is an incapacitated adult, enrolled in a Medicaid-funded program called Community Options Program Entry System (COPES). 42 U.S.C. § 1396n(c); WAC 182-515-1506. This program offers an alternative to institutional nursing facility care for eligible persons. WAC 182-515-1506; WAC 182-515-1507; WAC 388-106-0310; see also 42 U.S.C. § 1396n(c). As part of the

---

[1] Effective June 1, 2018, DSHS promulgated amended regulations affecting guardianship fees and costs. See Wash. St. Reg. 18-04-056 (Feb. 1, 2018); Wash. St. Reg. 18-11-039 (May 8, 2018). The parties agree that the amendments do not impact the issues presented in this appeal and that orders entered before June 1, 2018 "are still regulated under the [former] scheme." Wash. St. Reg. 18-04-056 (Feb. 1, 2018).

agreement to receive care outside of an institutional facility, COPES enrollees, known as clients, must pay room and board from their income to live in an alternative living facility (ALF). Compare WAC 182-515-1507(2), (3)(b) (specifying client's must pay room and board if housed in an ALF), with WAC 182-513-1380 (no requirement to pay room and board for those housed in a medical institution).[2] Henson qualifies for COPES under the low-income "categorically needy" standard, meaning that his income is so low that he does not pay anything toward the cost of his care but must still pay his own room and board. WAC 182-515-1507(2); see also WAC 182-500-0020.

Henson lives in an enhanced adult residential center in Bellingham. He receives $781 per month in Social Security benefits as his sole income source. Medicaid pays his average monthly cost to live at the ALF, which is $1,449.17. DSHS sets Henson's room and board contribution at $670.21 per month. It also allows Henson a $62.79 per month "personal needs allowance" (PNA). WAC 182-515-1507(3)(a). If Henson had more income, he would be required by Washington's Medicaid rules to use that income to defray his cost of care, known as "participation."[3] WAC 182-515-1509(3)(c). But Henson does not pay participation. Therefore, the $48 of Henson's income remaining after DSHS

---

[2] All persons receiving long-term care services, as defined in RCW 74.39A.009(19), must contribute a portion of their income to their cost of care, their room and board, or both. See, e.g., WAC 182-513-1380; WAC 182-513-1507; WAC 182-513-1509.

[3] "Participation" is the amount some clients pay to participate in their care. "Post-eligibility treatment of income, participation, and participate are all terms that refer to a person's responsibility towards cost of care." WAC 182-515-1509(1)(a). The federal regulations also refer to it as "[a]pplication of patient income to the cost of care." 42 C.F.R. § 435.726. "Participation is not room and board." WAC 182-513-1100; see also WAC 182-515-1509(1)(b).

deducts room and board and PNA is available for Henson's other expenses, such as guardian fees. He has no other income, however, to defray these costs.

Inslee, Maxwell & Associates (Inslee) was appointed as Henson's guardian on June 8, 2012. The initial order appointing Inslee directed payment of $175 per month to cover guardianship fees, deducted from Henson's income. The trial court approved Inslee's first annual accounting in 2013, awarding $4,364.35 in guardianship fees and costs and $1,038.65 in attorney fees and costs. It also ordered an increase in the monthly fee allowance to $225. DSHS did not file any objection to this accounting or the fees requested by the guardian.

In its 2016 petition for an award of guardian fees, Inslee reported that DSHS had only paid $175 per month for the previous 35 months, despite the trial court's order approving $225. In addition to the $1,750 shortage, Inslee sought approval of additional guardian fees and costs of $14,572.30, of which $8,429.17 was unpaid. Inslee also requested $1,252.17 in attorney fees and costs for the previous three years.

DSHS objected, claiming that Inslee's proposed award would violate Medicaid rules and would require DSHS to divert money needed for Henson's room and board to cover these fees. DSHS indicated to the court it would grant an "exception to rule" (ETR) under WAC 182-503-0090 "for the next reporting period in the amount of $225 a month as requested by the Guardian." It also agreed to an ETR granting $600 in administrative costs for the next three-year reporting period, as it had for the previous three years. But it argued that the trial

court had no authority to order the agency to grant a discretionary ETR in any amount.

The trial court overruled DSHS's objections and approved Inslee's report on October 14, 2016 (the October 2016 Order). It authorized the $225 monthly allowance and awarded Inslee all of the fees and costs it sought. The trial court ordered that these sums be paid from Henson's participation "and DSHS as required."

Six months later, Inslee filed a motion for contempt against DSHS, claiming the agency had not paid the $1,750 shortage or the $8,429.17 in guardian fees, had paid only $600 of the $1,252.17 in attorney fees awarded by the court, and had delayed in revising the monthly allowance to $225. DSHS argued it was not in contempt because the order only mandated payment from Henson's participation, which he did not have. Thus, DSHS contended that Inslee sought "to hold DSHS in contempt for failing to take action that is not possible or required under the terms of the October 2016 order."

At the May 2017 contempt hearing, the trial court acknowledged the ambiguity of the October 2016 Order but clarified on the record that it had intended to require DSHS to pay the awarded guardian fees from Henson's participation or from its own purse if there was no participation available. It did not find DSHS in contempt because it deemed DSHS's interpretation of the October 2016 order to be arguable. It entered an order "clarifying, but not altering," its October 2016 Order (the May 2017 Order). Specifically, the trial court struck the "as required" language to remove "the unnecessary ambiguity that these words have created."

It also directed DSHS to make full payment—within 30 days—of the sums approved in the October 2016 Order. Because Henson lacks sufficient income to cover this fee award, the money will by necessity come from state funds.

ANALYSIS

A. Timeliness of Appeal

Inslee argues that DSHS's appeal is untimely because it is challenging the October 2016 Order's fee award and did not file a notice of appeal within 30 days of that order. DSHS asserts it did not appeal the October 2016 Order and appeals only the May 2017 Order.

A party seeking this court's review of a trial court decision must file the notice of appeal in the trial court within 30 days after entry of that decision. RAP 5.2(a). The notice of appeal must designate the decision to be reviewed. RAP 2.4(a). DSHS did not file a notice of appeal within 30 days of the October 2016 Order. Nor did it designate that order in its June 19, 2017 notice of appeal. The notice of appeal states DSHS seeks review of the "Order on Show Cause filed on May 23, 2017, which ordered the Department to make full payment of fees ordered in [the October 2016 Order], within 30 days."

It is undisputed that DSHS's appeal of the May 2017 Order is timely because it was filed within 30 days of the entry of that particular order. At issue is whether DSHS's arguments on appeal arise out of the May 2017 Order or the October 2016 Order. "The scope of a given appeal is determined by the notice of appeal, the assignments of error, and the substantive argumentation of the

parties." Clark Cty. v. W. Wash. Growth Mgmt. Hearings Review Bd., 177 Wn.2d 136, 144, 298 P.3d 704 (2013).

DSHS identifies three issues in its assignments of error and briefing. It contends (1) the trial court order requires DSHS to use state funds to pay guardian fees and costs in violation of RCW 11.92.180; (2) the trial court order undermines state compliance with Medicaid rules and regulations by requiring it to divert income Henson would otherwise pay for room and board to pay guardian fees; and (3) the trial court order is essentially an unlawful directive to DSHS to perform what is otherwise a discretionary agency act, the waiver of certain Medicaid regulations through an ETR. Each of these arguments relates to and arises out of the October 2016 Order. But for the October 2016 Order awarding guardian fees and costs, there would be no risk of invading the public purse to cover costs Henson has insufficient income to pay.

DSHS contends the May 2017 Order "substantively modified" the October 2016 Order. We do not find this argument persuasive. A clarification of an order is merely a definition of rights which have already been given. Rivard v. Rivard, 75 Wn.2d 415, 418, 451 P.2d 677 (1969). "A modification, on the other hand, occurs when a party's rights are either extended beyond or reduced from those originally" ordered. In re Marriage of Christel and Blanchard, 101 Wn. App. 13, 22, 1 P.3d 600 (2000). With the exception of the 30-day payment deadline, the May 2017 Order did not impose any new requirement on DSHS or reduce either parties' rights; the court merely deleted language of the previous order to make its prior ruling clear. The trial court unequivocally stated that it was not amending or

modifying its October 2016 Order. The trial court intended, when it signed the October 2016 Order, to force DSHS to pay Henson's guardian fees and costs from DSHS funds. The scope of DSHS's appeal thus includes the trial court's October 2016 rulings.

An appellate court will review a trial court order or ruling not designated in the notice of appeal if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review. RAP 2.4(b). In Right-Price Recreation, LLC v. Connells Prairie Community Council, the Washington State Supreme Court held that the phrase "prejudicially affects" means that the order appealed from would not have happened but for the first order. 146 Wn.2d 370, 380, 46 P.3d 789 (2002). Here, this court may address DSHS's arguments regarding the legality of the payment terms of the fee award because the May 2017 Order would not have happened but for the October 2016 Order. The appeal is thus timely under Right-Price.

In addition, the May 2017 Order contains a provision not contained in the October 2016 Order. The trial court ordered DSHS "to make full payment within 30 days of entry of this Order." To assess the validity of this directive, we must necessarily determine the trial court's legal authority to require DSHS to use state funds to pay guardian fees. The appeal of the May 2017 Order requires the court to reach the legal issues raised by DSHS in its assignments of error. We conclude the appeal is timely.

- 7 -

## B. Standard of Review

When a superior court applies guardianship law to a particular case and orders a fee allowance, we review the superior court's order for an abuse of discretion. In re Guardianship of Lamb, 173 Wn.2d 173, 184, 265 P.3d 876 (2011). Under an abuse of discretion standard of review, a trial court's decision is upheld unless it is manifestly unreasonable or based on untenable grounds. Dix v. ICT Group, Inc., 160 Wn.2d 826, 833, 161 P.3d 1016 (2007). A trial court abuses its discretion when it bases its ruling on an erroneous view of the law or applies an incorrect legal analysis. Id. We review issues of statutory interpretation de novo. In re Lamb, 173 Wn.2d at 184. We apply the same rules of statutory construction to administrative rules and regulations. City of Seattle v. Allison, 148 Wn.2d 75, 81, 59 P.3d 85 (2002).

## C. The Trial Court's Authority to Order Payment of Guardian Fees from State Funds

DSHS contends that the trial court exceeded its statutory authority by requiring the agency to pay guardian fees from state funds. We agree. The trial court's October 2016 Order, as clarified by the May 2017 Order, requires DSHS to pay, within 30 days, a sum in excess of $10,000.[4] Henson lacks sufficient income to cover this fee award. Thus, to satisfy the payment terms of the May 2017 Order,

---

[4] DSHS has promulgated rules setting the maximum amount of guardianship fees and costs that a Medicaid recipient may be ordered to pay. WAC 182-513-1505, repealed by Wash. St. Reg. 18-04-056 (Feb. 1, 2018); see also WAC 388-79A-005 (for orders entered before June 1, 2018); WAC 182-513-1530 (for orders entered on or after June 1, 2018). For orders entered before June 1, 2018, the maximum amount of guardian fees is set at $175 per month. WAC 182-513-1515, amended by WAC 388-79A-010. Administrative costs, including attorney fees, are capped at $600 over a three-year period. Id.; WAC 182-515-1509(4)(b). These fees are, by rule, to be paid out of a client's participation. WAC 182-515-1509(4)(b). DSHS does not argue in this appeal that the trial court erred in exceeding these regulatory caps.

DSHS would necessarily have to use its own funds. The statute governing guardian compensation in cases involving Medicaid recipients clearly provides that guardians shall not be compensated at county or state expense. RCW 11.92.180. The trial court had no authority to order DSHS to use state money to pay Henson's guardian's fees and costs.

D. The Trial Court's Authority to Order DSHS to Divert Henson's Income to Pay Guardian Fees in lieu of Room and Board

DSHS also contends that the trial court erred in requiring the agency to use that portion of Henson's income needed to pay Henson's room and board to cover the guardian fee award.

If a client has insufficient funds to pay any participation, he or she will typically have little to no income to pay guardian fees. In such circumstances, DSHS may issue an ETR and allow guardianship fees and costs to be deducted from room and board. WAC 182-503-0090. The regulations do not allow a court to force DSHS to pay guardian fees and costs from income otherwise required for the payment of room and board. WAC 182-513-1525(4)(c), amended by WAC 388-79A-015 ("the department will adjust the client's current participation to reflect the amounts allowed" by court order) (emphasis added); see also WAC 182-515-1509(3)-(4)(b) (specifying room and board is deducted first, then allowable deductions, including guardian fees, may be subtracted from participation). Thus, for orders such as this one entered before June 1, 2018,[5] the ETR process is the

---

[5] DSHS recently promulgated a new rule for orders entered on or after June 1, 2018, which allows a court order to adjust room and board obligations. WAC 182-513-1530(3)(c), (4)(a); see also Wash. St. Reg. 18-04-056 (Feb. 1, 2018).

only way room and board obligations can be reduced or waived to pay guardianship fees and costs. Under this procedure, DSHS has the discretion to grant an ETR if it determines that the individual's circumstances satisfy the conditions below:

(a) The exception would not contradict a specific provision of federal or state law; and
(b) The individual's situation differs from the majority; and
(c) It is in the interest of the overall economy and the individual's welfare, and:
(i) It increases opportunity for the individual to function effectively; or
(ii) The individual has an impairment or limitation that significantly interferes with the usual procedures required to determine eligibility and payment.

WAC 182-503-0090(2).

The ETR process is a discretionary function of DSHS. A discretionary function involves "a basic governmental policy, program, or objective requiring the exercise of a basic policy evaluation, judgment, and expertise on the part of the officer or agency; it is essential to realization of the policy and within the proper authority and duty of the officer or agency." Burg v. City of Seattle, 32 Wn. App. 286, 291, 647 P.2d 517 (1982). In contrast, a ministerial duty is one that the law precisely defines and "leave[s] nothing to the exercise of discretion or judgment." Id. at 290 (quoting State v. City of Seattle, 137 Wash. 455, 461, 242 P. 966 (1926)). Courts cannot compel administrative bodies to perform discretionary acts. Id.; see also Cmty. Care Coalition of Wash. v. Reed, 165 Wn.2d 606, 614-15, 200 P.3d 701 (2009). To the extent the trial court's order required DSHS to use Henson's income to cover guardian fees, in lieu of room and board, it effectively ordered the

- 10 -

agency to perform a discretionary act, which the trial court had no legal authority to do.[6]

DSHS recognizes the challenges presented by Henson's case and has granted Inslee an ETR to cover the increased $225 monthly allowance. In addition, DSHS agreed to use room and board money to cover $600 in legal fees every three years. Henson also has an additional $48 per month in income that DSHS is not using for participation; these funds are available to pay past guardian fees and costs.

Because the trial court abused its discretion in ordering DSHS to pay guardian fees from state funds or from income needed to pay Henson's room and board, we reverse and remand for a reassessment of the amount that may be permissibly awarded to the guardian.[7]

WE CONCUR:

_Andrus, J._

_Mann, A.C.J._

_Dwyer, J._

---

[6] DSHS argues that the trial court's order violates federal Medicaid laws. We need not reach this issue and decline to address it.

[7] Because Inslee did not prevail on appeal, we decline to grant the requested attorney's fees and costs. See In re Lamb, 173 Wn.2d at 198.