# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| In the Matter of: | ) | No. 78590-7-I |
| | ) | |
| MANDA PHILLIPS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | UNPUBLISHED OPINION |
| MARK KRIDA, | ) | |
| | ) | FILED: April 22, 2019 |
| Respondent. | ) | |

VERELLEN, J. — Manda Phillips challenges the trial court's order clarifying the parenting plan. Phillips argues the court abused its discretion because it improperly modified her visitation rights. Because the court merely clarified the role of the visitation supervisor during exchanges, without decreasing Phillips' rights, the trial court did not abuse its discretion.

Therefore, we affirm.

## FACTS

Manda Phillips and Mark Krida have one child in common. Following a trial, the court entered the current parenting plan on November 8, 2017. Under RCW 26.09.191, the court limited Phillips' visitation due to a "long-term emotional

or physical problem that gets in the way of his/her ability to parent."[1] Phillips gets four hours of supervised visitation a week.

After only three visits and the parties' disagreement about the role of the supervisor, Krida stopped bringing the child to exchange with Phillips. Krida demanded that Phillips remain out of his sight during exchanges. On February 14, 2018, the court found Krida in contempt of court. The court denied Krida's request to revise the finding of contempt on May 4, 2018.

On May 23, 2018, Krida filed a motion for clarification, which the court granted on June 1, 2018.

Phillips appeals.

## ANALYSIS

Phillips contends the trial court abused its discretion by improperly modifying the parenting plan.

We review a trial court's rulings on the provisions of a parenting plan for abuse of discretion.[2]

To modify a parenting plan, there must be an action for modification pending before the court[3] and the court must determine "there has been a material change in the condition or fitness of the parties or the welfare of the children would

---

[1] Clerk's Papers (CP) at 22.

[2] In re Marriage of Christel and Blanchard, 101 Wn. App. 13, 20-21, 1 P.3d 600 (2000).

[3] Id. at 23.

be promoted thereby."[4]  A modification of visitation rights occurs when the court extends the scope of a party's visitation rights or gives "the party less rights than those he originally received" in the parenting plan.[5]

On the other hand, a clarification merely defines "the rights which have already been given and those rights may be completely spelled out if necessary."[6] Permissible clarifications include "explaining the provisions of the existing parenting plan" or "filling in procedural details."[7]

Phillips contends the court's June 2018 clarification order constituted an improper modification of her visitation rights.

The November 2017 parenting plan provided that Phillips' "parenting time shall be supervised."[8]  Specifically, the parenting plan provided:

> The supervisor shall be . . . Mavis Bonnar or any law person agreed by the parties.  If the parties cannot agree, the visits shall be professionally supervised; the cost shall be split by the parties 50/50.
>
> . . . .
>
> . . . The supervisor shall take the oath of supervisor. Petitioner/mother or any other person in the child's presence during visitation shall not use any language disparaging of respondent/father or his wife.  Petitioner/mother shall not discuss child abuse of any kind, including sexual abuse, in the presence of the child.[9]

---

[4] Rivard v. Rivard, 75 Wn.2d 415, 418-19, 451 P.2d 677 (1969).

[5] Id. at 418.

[6] Id.

[7] Christel, 101 Wn. App. at 23.

[8] CP at 23.

[9] Id.

3

In June 2018, the court clarified the parenting plan as follows:

The parties (or their designees) shall have no contact at all during exchanges of the child. The mother shall attempt to stay out of sight of the father or the father's designee for drop offs/picks ups. The supervisor, who the court has clarified is Mavis Bonnar, shall meet the father at the beginning of the exchange and take [the child] to the mother. At the end of the exchange, similarly the mother shall remain out of sight of the father and Mavis Bonnar shall take [the child] from the mother and bring her to the father or father's designee.

. . . .

. . . If the parents (or designees) do see each other at an exchange, unintentionally or incidentally (as in a mere glimpse), this shall not be considered a violation of the parenting plan.[10]

The purpose of the provision was to "ensure that the parties are not communicating with one another."[11] The court determined the "clarification" was in the best interest of the child.[12]

The November 2017 parenting plan provides for a supervisor, and the June 2018 order merely clarifies the role of that supervisor during the exchanges of the child. The order does not limit Phillips' visitation rights, as provided in the parenting plan. Under the clarification order, Phillips still has four hours of supervised visitation a week. The order merely spells out the details on the execution of Phillips' supervised visitation rights with the goal of eliminating contact between the parents during exchanges. The order does not modify the rights of either parent.

---

[10] CP at 59-60.

[11] CP at 60.

[12] Id.

The trial court did not abuse its discretion in entering the June 2018 clarification order.

Therefore, we affirm.

WE CONCUR: