**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| In the Matter of the Marriage of<br><br>STUART J. SINSHEIMER,<br><br>      Respondent,<br><br>  and<br><br>ELIZABETH L. KRUGER,<br><br>      Appellant. | DIVISION ONE<br><br>No. 78697-1-I<br><br>UNPUBLISHED OPINION<br><br>FILED: July 29, 2019 |

DWYER, J. — Elizabeth Kruger and Stuart Sinsheimer have been embroiled in a four-years-long dispute over postsecondary expenses for their son, Jared. In this appeal, Kruger avers that the superior court committed reversible error in an order clarifying the parties' obligations. Finding no merit in any of her contentions, we affirm.

I

This is the second appeal to us in this action. See In re Marriage of Sinsheimer & Kruger, No. 75675-3-I, (Wash. Ct. App. Jan. 16, 2018) (unpublished), http://www.courts.wa.gov/opinions/pdf/756753.pdf.

On June 22, 2016, as a remedy to address the parties' ongoing acrimony and to reduce the need for further court intervention, the superior court ordered that, "[g]oing forward," Jared shall provide online access to his college financial

account "as a condition of his parents' post-secondary support obligations." In rejecting Kruger's appeal of the imposition of this condition, we concluded that,

> while the court cannot enforce the requirement that Jared provide access to his financial accounts, such as by holding him in contempt, the payment of support can be conditioned on Jared's action. . . . Thus, under the trial court's order, Jared has a choice, he can provide access in which case his parents must pay their equal share of his postsecondary tuition and expenses, or he can elect to withhold access and perhaps lose his financial support.

Sinsheimer, No. 75675-3-I, slip op. at 11.

On March 21, 2018, Jared gave Sinsheimer online access to his college financial account. That same day, Kruger requested that Sinsheimer reimburse her for his share of postsecondary expenses incurred between July 2016 and February 2018. Sinsheimer then tendered Kruger a check for most, but not all, of those expenses.[1] Afterward, they disputed the balance owed and, again, sought court intervention.

On June 14, 2018, Sinsheimer asked the superior court to declare that he had no postsecondary support obligations after June 22, 2016 or had satisfied his obligation with the check tendered to Kruger. The next day, Kruger moved to enforce the postsecondary support obligation and asked that Sinsheimer be ordered to pay the full amount of her reimbursement request and her attorney fees.

On July 5, 2018, the superior court granted Sinsheimer's motion and denied Kruger's. It found that the expenses for which Kruger was seeking

---

[1] The record is unclear as to whether Kruger ever deposited the check she received from Sinsheimer.

reimbursement were incurred "during a period when Jared had not provided online account access to Sinsheimer" and concluded, consequently, that Sinsheimer was not obligated to pay those expenses.

Kruger appeals.

II

Kruger first contends that the superior court's July 2018 order improperly modified the parties' postsecondary support obligation. She is incorrect.

A modification occurs when the effect of the court's ruling causes a party's right to be "either extended beyond or reduced from those originally intended in the decree," In re Marriage of Christel, 101 Wn. App. 13, 22, 1 P.3d 600 (2000), whereas a clarification "is merely a definition of the rights which have already been given and those rights may be completely spelled out if necessary." Rivard v. Rivard, 75 Wn.2d 415, 418, 451 P.2d 677 (1969). "A court may clarify a decree by defining the parties' respective rights and obligations, if the parties cannot agree on the meaning of a particular provision." Christel, 101 Wn. App. at 22.

Here, in June 2018, after Jared gave his parents online access to his college financial account, both Sinsheimer and Kruger asked the superior court to intervene and clarify the extent of Sinsheimer's postsecondary support obligation for expenses incurred between July 2016 and February 2018. After addressing the impact of its June 2016 order, the superior court, as requested, clarified Sinsheimer's support obligation. The superior court's July 2018 order was not a modification.

III

Kruger next contends that the superior court erred by retroactively imposing a deadline by which Jared was to provide his parents with online access to his financial account and then imposing a consequence for failing to meet that previously unknown deadline. She is wrong.

The superior court did not retroactively impose the condition that resulted in Jared losing his postsecondary support. As the superior court aptly explained in its July 2018 order,

> The condition entered on June 22, 2016, left Jared with options: "Jared has a choice, he can provide access in which case his parents must pay their equal share of his postsecondary tuition and expenses, or he can elect to withhold access and perhaps lose his financial support." Despite the June 22, 2016 Order . . . . Jared did not give Sinsheimer online access to Jared's financial account at the college until March 21, 2018.

The superior court's June 22, 2016 order was effective when entered.[2] In ruling on the parties' June 2018 motions, the superior court did nothing more than apply its June 2016 order to the facts and evidence presented. There was no error.

IV

Kruger also contends that the superior court's July 2018 order, which resulted in Jared losing his postsecondary support for failing to timely provide online account access, runs afoul of Washington's public policy for child support. We disagree.

---

[2] Although Kruger appealed the June 2016 order to us, she did not attempt to secure a stay of enforcement of that order pending appeal. See RAP 8.1. Instead, Kruger, like Jared, simply ignored the June 2016 order until March 2018.

- 4 -

"It is not the policy of this State to require divorced parents to provide adult children with a college education in all circumstances." Childers v. Childers, 89 Wn.2d 592, 601, 575 P.2d 201 (1978). Payment of postsecondary support may be conditioned on acts within the control of the adult child. Sinsheimer, No. 75675-3-I, slip op. at 11 (citing In re Marriage of Kelly, 85 Wn. App. 785, 795, 934 P.2d 1218 (1997)).

Moreover, the superior court's order was governed by the law of the case. Once an appellate court has ruled on an issue, the appellate court's decision becomes the "law of the case"[3] and the trial court is bound by the appellate court's determination. State v. Strauss, 119 Wn.2d 401, 412, 832 P.2d 78 (1992). In Kruger's first appeal, we concluded that "payment of support can be conditioned on Jared's action" and that Jared could choose to provide access that would require his parents to "pay their equal share of his postsecondary" expenses, or he could "elect to withhold access and perhaps lose his financial support." Sinsheimer, No. 75675-3-I, slip op. at 11.

Our decision in the prior appeal constitutes the law of this case and bound the parties and the superior court in the 2018 proceedings. The superior court did not abuse its discretion by ordering that Sinsheimer was not obligated to pay postsecondary expenses during the period Jared failed to provide online account access.

---

[3] The law of the case doctrine is applied in order "'to avoid indefinite relitigation of the same issue, to obtain consistent results in the same litigation, to afford one opportunity for argument and decision of the matter at issue, and to assure the obedience of lower courts to the decisions of appellate courts.'" State v. Harrison, 148 Wn.2d 550, 562, 61 P.3d 1104 (2003) (quoting 5 AM.JUR.2d Appellate Review § 605 (2d ed. 1995)).

V

Kruger contends that two of the superior court's findings of fact—one regarding the amount of the parties' bickering and the other regarding the credibility of Kruger's proof of expenses—are not supported by the evidence. We deem it unnecessary to discuss these findings. This is so because they are immaterial. Even if the findings were unsupported, the error was harmless and would not warrant reversal, given our resolution of the decisive issues in this case. See McLeod v. Keith, 69 Wn.2d 201, 203-04, 417 P.2d 861 (1966) (when ample evidence supports the decisive issues "the presence of unsupported and immaterial findings is of no consequence").

VI

Kruger argues that the superior court should have entered an award of attorney fees in her favor for having to seek enforcement of a support obligation. Both parties request an award of attorney fees on appeal pursuant to RCW 26.18.160.[4] Because Kruger is not the prevailing party, she is not entitled to an award of attorney fees at trial or on appeal. Nor is Sinsheimer entitled to an award of attorney fees. Although Kruger did not prevail, there was no finding that she acted in bad faith.

---

[4] In any action to enforce a support or maintenance order, RCW 26.18.160 mandates that "the prevailing party is entitled to a recovery of costs, including an award for reasonable attorney fees. An obligor may not be considered a prevailing party under this section unless the obligee has acted in bad faith in connection with the proceeding in question." This rule applies to actions at trial and on appeal. See Rhinevault v. Rhinevault, 91 Wn. App. 688, 696, 959 P.2d 687 (1998) (citing In re Marriage of Capetillo, 85 Wn. App. 311, 932 P.2d 691 (1997)).

Affirmed.

_____
Dwyer, J.

WE CONCUR:

_____        _____
Mann, A.C.J.                              Schindler, J.